Rudolph v. Landwerlen.

Filed Dec. 13, 1883.

---

No. 9479.

## Rudolph v. Landwerlen.

Instructions.—*New Trial.*—Where instructions given have not been numbered, a motion for a new trial, assigning for cause the giving of certain of them which the motion designates only by numbers, presents no question.

Practice.—*Bill of Exceptions.*—*Misconduct of Jury.*—*Affidavits.*—Affidavits filed in support of a motion for a new trial are no part of the record unless made so by bill of exceptions.

Same.—*Argument of Counsel.*—Misconduct of counsel in argument occurs in the presence of the court, and, as the judge has knowledge of it, he must act upon the facts as he knows them, and not upon affidavits showing them; and a bill of exceptions must show the facts as thus known by the judge.

Assault and Battery.—*Excessive Damages.*—For a case in which $200 was held not to be excessive damages for assault and battery, see the opinion.

Same.—*Evidence.*—*Record of Another Cause.*—*Admissions.*—In a civil suit for assault and battery, the record of a criminal prosecution for the same act, in which the defendant pleaded guilty and was convicted, is proper evidence for the plaintiff, but only as an admission of the defendant.

New Trial.—*Misconduct of Attorney in Argument.*—In the closing argument the plaintiff's counsel said: "It is in evidence that this defendant is a Catholic priest, and all of his witnesses are members of his church, and it is a strange coincidence that they track the evidence of the defendant

with that minuteness and precision in the use of words and language that can not be accounted for, except, as shown by the evidence, they heard the defendant from the pulpit detail his version of the case, and they can come here and swear to his version of the case, and the defendant can absolve them from the sin. If it is one of doctrines of the Catholic church, that one of the members may swear falsely as a witness, and the priest can forgive him his sin for such false swearing, so as to absolve him from all moral guilt, it is the privilege and the duty of the jury " to consider this. Here an objection was made and sustained by the court, whereupon the same counsel proceeded: "The defendant is here, and if it is not a doctrine of the Catholic church, let him stand up here and deny it, and that shall be the end of it," when the court stopped the counsel with a severe rebuke. *Held,* that it was error to refuse a new trial asked by the defendant on this ground.

From the Shelby Circuit Court.

*B. F. Love, H. C. Morrison, T. B. Adams* and *L. T. Miche-ner,* for appellant.

*O. J. Glessner, E. K. Adams* and *L. J. Hackney,* for appellee.

BLACK, C.—This was an action brought by the appellee against the appellant to recover damages for an assault and battery. There was an answer in two paragraphs, the first a general denial, the second justification. The appellee replied by a denial. The cause was tried by a jury, and a verdict was returned for the appellee, his damages being assessed at two hundred dollars. A motion for a new trial made by the appellant was overruled, and under an assignment of this ruling as error all the questions to be decided arise.

It is contended, on behalf of appellant, that the court erred in giving what he designates as the fourth and sixth instructions to the jury. It was stated as a cause in the motion for a new trial, that the court erred in giving to the jury, of its own motion, instructions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and in the giving of each of them. The charge to the jury is brought into the record by bill of exceptions. The charge occupies over seven pages of the record. The instructions were not numbered. Appellant, in making the marginal notes required by rule of this court, has marked with pen-

cil numbers from 1 to 14 opposite paragraphs into which the charge is broken, some of which contain distinct propositions, while others are somewhat fragmentary. Appellant by request might have caused the instructions to be numbered by the court. Section 324, code of 1852; section 533, R. S. 1881. We can not recognize the numbers which he has placed upon the transcript; and, ignoring them, it could not be our province to number the instructions. To direct our attention to instructions by numbers, they must be numbered as contemplated by the statute. No question, therefore, is before us upon the instructions to the jury.

Another cause stated in the motion for a new trial was excessive damages. There was evidence that the defendant struck the plaintiff upon his head with a heavy cane and knocked him down; that the plaintiff, from the effects of the blow, became unconscious for a time; that the blow caused his face to become discolored; that he was unable to work for two weeks; that he suffered great pain, and could not sleep for a month; that soon after he was struck he had a discharge from one of his ears, and one of his eyes became so affected that everything he looked at appeared to be double; that at the time of the trial, in January, 1881, the injury having been inflicted in June, 1879, he sometimes suffered pain, and he was still troubled with double vision, which he had remedied by the use of spectacles.

We can not say that the amount awarded by the jury was more than enough to compensate the plaintiff.

Over the objection of the defendant, the plaintiff was permitted to introduce in evidence the record of a criminal prosecution of the defendant for the same assault and battery, and his conviction thereunder, upon his plea of guilty, before a justice of the peace.

It is contended that this was error, because the appellee was not a party to the action the record of which was so admitted in evidence; and appellant's counsel have cited authorities relating to the effect of judgments by way of estoppel. Un-

questionably, this record could not operate as an estoppel, but no such effect was claimed for it. The court instructed the jury that " this record should not be regarded in this case as conclusive upon the defendant, but only as an admission on his part of a material fact in issue in the case," and further instructed as to the character of the evidence as an admission.

A plea of guilty must be presumed to have been made by the defendant in person, solemnly and without coercion, with opportunity to take advice of counsel. In a subsequent civil action involving the same subject-matter, his plea is admissible against him, though it is not conclusive, but is subject, like other confessions, to be explained or controverted. The action of the trial court is sustained by the authorities in this country and in England. *Corwin* v. *Walton*, 18 Mo. 71 ; *Clark* v. *Irvin*, 9 Ohio, 131 ; *Green* v. *Bedell*, 48 N. H. 546 ; *Bradley* v. *Bradley*, 11 Maine, 367 ; *Regina* v. *Moreau*, 11 Q. B. 1028, 1033 ; 1 Greenl. Ev., sections 216, 257, 537 ; 2 Greenl. Ev., section 90 ; Whart. Ev., sections 783, 838, 1110 ; Taylor Ev., section 1506.

Appellant has sought to bring to our attention certain alleged misconduct of the jury, in arriving at the amount of their verdict by compromise. This cause for a new trial, being included in the second specification of the causes designated by statute, must be sustained by affidavit showing its truth. Sections 352, 355, code of 1852 ; sections 559, 562, R. S. 1881. But the affidavit by which it was sought to support this cause is not made part of the record by bill of exceptions. We, therefore, can not examine it.

One more reason only for a new trial, of those presented by the argument of counsel, remains to be examined, and this relates to certain objectionable remarks of the attorney for the plaintiff in his closing argument to the jury. Appellant sought to sustain this cause, also, by affidavits which are not preserved for the record by bill of exceptions. This cause, however, is one included either in the first cause or in the eighth cause of those specified in the statute (section 352,

code of 1852; section 559, R. S. 1881), and the facts upon which it is based must be shown by bill of exceptions. The argument of counsel to the jury, like the introduction of evidence, proceeds under the supervision of the court, and where counsel abuse their necessarily broad privileges in argument, the facts having transpired in the presence of the court, as a part of the trial, they are within the knowledge of the.court without affidavit, and should be stated, as they are known by the judge, in a bill of exceptions signed by him.

The facts in this case are detailed by bill of exceptions, and this statement of them will be examined, and to this version of the matter we would look, though the affidavits were also preserved by bill. The bill shows that on the trial of the cause, when a person named, attorney for the plaintiff, was making the closing argument to the jury, he, as a part of his argument, used the following language, in substance: " It is in evidence that this defendant is a Catholic priest, and all of his witnesses are members of his church; and it is a strange coincidence that they track the evidence of the defendant with that minuteness and precision in the use of words and language, that can not be accounted for, except, as shown by the evidence, they heard the defendant from the pulpit detail his version of the case, and they can come here and swear to his version of the case, and the defendant can absolve them from the sin. If it is one of the doctrines of the Catholic church, that one of the members may swear falsely as a witness, and the priest can forgive him his sin for such false swearing, so as to absolve him from all moral guilt, it is the privilege and the duty of the jury to take this fact in determining the credibility of such witnesses." "At this point," a person named, " attorney for defendant, arose and objected to the argument of plaintiff's counsel and said: ' Your Honor,'" the attorney for the plaintiff, naming him, ' is arguing to the jury.that it is a doctrine of the Catholic church that the witnesses can swear falsely, and.the priest can forgive their sin. There is no evidence before this jury as to what the doctrine

of the Catholic church is; and I object to the argument of the gentleman.' To which the court replied: 'An objection is sustained to any declaration of plaintiff's counsel indicating what is the doctrine of the Catholic church, as there is no evidence authorizing it.' To which plaintiff's counsel replied: ' I did not say that was the doctrine of the Catholic church, but was arguing that if it was the doctrine of the church, the jury should consider the fact to discredit the plaintiff's witnesses.' And counsel then, turning to a seat recently occupied by the defendant, continued: ' The defendant is here, and if it is not a doctrine of the Catholic church, let him stand up here and deny it, and that shall be the end of it.' The court then stopped the plaintiff's attorney, and said to him: 'A theological enquiry or discussion of that kind can not be tolerated, and, if it is important, you and the defendant must settle the fact elsewhere; you must proceed to discuss some other branch of the case.' Which was all that was said on this subject."

Here was a departure from the legitimate course of argument. The appellant, by his counsel, objected and stated a specific and sufficient ground of objection. The court sustained the objection and plainly showed the plaintiff's attorney how he was transcending his rights in argument. Thereupon, the attorney, in the face of his adversary's objection and against the admonition of the court, repeated and aggravated the offence.

The court, in conducting the trial, did not abuse its discretion or commit an error of law, and there was nothing in the action of the court upon the trial to which an exception could be taken.

A trial court, though it may have done its full duty in its supervision of the trial, may, in its discretion, grant a new trial for an abuse by counsel of the privileges of argument before the jury, and should always do so where it is satisfied that such abuse has worked an injury.

The question is somewhat different in this court. It must

have been raised in the court below, and some action of that court excepted to, involving the particular matter, must be properly brought under revision here.

It does not necessarily follow, because the court upon the trial did its duty, that there has been no available error. If there was an irregularity in the proceedings of the prevailing party, through the misconduct of his attorney in argument, by which the other party was prevented from having a fair trial, and such irregularity was not waived, but was objected to on the trial for good reasons stated at the time, and was assigned as a cause in a motion for a new trial, the overruling of such motion is an error for which the judgment may be reversed.

Very many abuses in argument may be sufficiently corrected by the instructions of the court to the jury, and a large discretion as to the refusing of new trials because of such violations belongs to trial courts, and this court will not interfere because of an abuse in argument which was sufficiently counteracted by the action of the trial court in the premises; but it will interfere where, notwithstanding the efforts of the trial court to correct the abuse, the irregularity appears to be such as to prevent a fair trial, and the particular circumstances of each case will guide this court to its decision.

In the case before us, if the first departure of counsel might have been rendered harmless, the second outbreak could not have been inadvertent, but was without any excuse, and it can only be regarded as a purposed violation of the admonition of the court and an attempt to gain an advantage in a court of justice by a known wrong.

If it must be allowed that such a going outside of the facts, for the purpose of appealing to prejudice ought not to have weight in the determination of any matter, it deserves the strongest condemnation when resorted to for the purpose of influencing the verdict of a jury; and when counsel make such departures, it must be understood that they do so at the risk of losing any advantage thereby gotten.

Rudolph *v.* Landwerlen.

In consideration of the character of the language used by counsel, and of the manner and circumstances of its use, we think the court erred in refusing to grant a new trial asked because of this irregularity. For this error the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the appellee's costs, and the cause is remanded for a new trial.

Filed June 29, 1883.

## ON PETITION FOR A REHEARING.

BLACK, C.—It is contended on behalf of the appellee that the motion for a new trial is not properly in the record. The motion was filed in February, 1881, at an adjourned term following the close of the regular term at which the verdict was rendered. The adjourned term was by statute made a part of the regular term at which the adjournment was ordered, and all parties, witnesses, jurors and officers were required to attend as they were required to attend at the regular term. Acts 1877, p. 28, section 1. See section 1380, R. S. 1881.

The record shows that the appellee objected to the filing of the motion, and excepted to the overruling of his objection, but it is not shown what ground of objection, or that any ground of objection, was stated to the court. The appellee assigned as a cross error that the court below erred in permitting the defendant to file a motion for a new trial after the expiration of the term at which the verdict was returned. No question was made in the trial court, or by assignment of error here, as to the validity of the adjourned term.

The motion was to be regarded, and was properly treated, as if filed at the regular term at which the verdict was returned. *Smith* v. *Smith*, 17 Ind. 75.

Upon further consideration we adhere to the conclusions reached in our original opinion.

PER CURIAM.—The petition for a rehearing is overruled.

Filed Dec. 13, 1883.