Filed Feb. 17, 1885.

---

No. 11,743.

## THE SCHOOL TOWN OF ROCHESTER *v.* SHAW.

PLEADING.—*Complaint.—School Teacher.— Employment by School Town.—Contract.*—A complaint against the school town of R., alleging the employment of the plaintiff by the defendant to teach school and a breach of the contract, is sufficient without alleging employment by the trustees of such school town, or that the town was incorporated, or that there was a board of trustees in said town.

SAME.—*Account.*—In such case, a paragraph of complaint founded on an account is not bad on demurrer for that reason.

NEW TRIAL.—*Misconduct of Attorney in Argument.—Instruction.*—A citizen of M. county was engaged to teach school in F. county, and subsequently brought suit to recover for services. On application of the plaintiff, the venue of the cause was changed from F. county to M. county, where, upon the trial of the cause, the plaintiff's attorney in

the closing argument, over the objection of the defendant, urged the jury to "stand by your own citizen," and also, over objection and against the admonition of the court, told the jury that "the school trustees, pupils and citizens of F. county are trying to disgrace and oppress a citizen of M. county," and other language calculated to prejudice the jury against the defendant. There was a verdict for plaintiff.

*Held,* that this was such misconduct as entitled the defendant to a new trial.

*Held,* also, that the court could not, in its instructions, cure the error.

From the Marshall Circuit Court.

*M. L. Essick, G. W. Holman* and *J. D. McLaren,* for appellant.

*M. A. O. Packard, O. M. Packard, B. D. Crawford* and *E. Myers,* for appellee.

FRANKLIN, C.—Appellee sued appellant upon a contract to teach school and for services rendered in teaching school. The complaint consisted of two paragraphs, one on the contract and one on account. A demurrer to each was overruled. The defendant answered by a denial and a special defence. There was a trial before a jury; verdict returned for the plaintiff for $104.25. A motion for a new trial was overruled, and judgment was rendered upon the verdict.

The errors assigned are the overruling of the demurrer to each paragraph of the complaint, and the overruling of the motion for a new trial.

The complaint substantially alleges that the plaintiff had the necessary license to teach school; that she was employed by the defendant to teach school; that she commenced so teaching under said employment; that she fully discharged all the duties and conditions on her part in accordance with the terms of said agreement; that before the expiration of the term of her said contract, the defendant discharged her, without any cause on her part.

The first objection to this complaint is that it does not show that the plaintiff was employed by the trustees of the school town. The complaint alleges that she was employed by the defendant, the school town. As the corporation can only act

by, and through the trustees as its officers and agents, it is sufficient to charge the employment by the corporation, and prove it to have been made by and through its regularly constituted authorities.

It is also objected that the complaint does not show that the town was incorporated, or that there was a board of trustees in said town.    There is nothing in either of these objections.

It is further objected that as the second paragraph of the complaint is only on an account, such liability can not be created against the corporation, without a special contract with the trustees, and that the demurrer ought to have been sustained to that paragraph.    There might have been a special employment by the trustees without fixing the terms of the contract, though such would be very unusual and unbusiness-like, or valuable services may have been rendered and received under a contract without complying with its terms. And in such cases a recovery may be had on an account.    We think the complaint sufficient, and there is no error in overruling the demurrer to it, or either paragraph thereof.

In the motion for a new trial twenty-nine reasons are stated.    Counsel have at considerable length presented and discussed nearly all of these reasons, but we do not think it advisable or profitable in this case to follow counsel in their discussions; the greater part of the reasons stated are in relation to the admission and rejection of evidence, and the giving of instructions to the jury.

The twenty-fourth and twenty-fifth reasons complain of error in the court, and misconduct of the plaintiff's counsel in the closing argument to the jury by making certain declarations and representations.    According to the bill of exceptions in the record, the following is the matter complained of: "Be it remembered that after the evidence in this cause had been closed, that upon the argument of said cause to the jury, * * * counsel for the plaintiff, in the closing argument to the jury, used the following language (which was not within

The School Town of Rochester v. Shaw.

the issues, was wholly foreign and irrelevant, and which was intended to prejudice the minds of the jury against the cause of the defendant, and which language was wholly unbecoming), to wit: 'The discharge of the plaintiff from the Rochester school had a political significance and oppression. The trustees of that school must have a victim upon which to visit the sins of the school, and they sought out and made her the victim. Arthur M. Ward was kept in the school for the purpose of tormenting this woman; he was a man not fit to be kept there; he was a mean villain, and the board was guilty of miserable deception. Gentlemen of the jury, stand by your own citizen.' And the counsel for the defendant called the counsel, the said * * *, to order, and requested the court to stop him and compel him to desist, and the court did warn the counsel that those things were not within the issues, and not in the evidence; but, disregarding the court, the said counsel continued, and the court permitted him to continue, without further warning; and said counsel for plaintiff, turning to counsel for defendant, said: 'I warn the counsel not to disturb me, you want to take exceptions, don't you? The school trustees, pupils and citizens of Fulton county are trying to disgrace and oppress a citizen of Marshall county.' And in refusing to stop, reprimand and prevent the counsel from using said language in the hearing of the jury, the counsel at the time excepted, and was given time to file this bill of exceptions."

From the declarations of plaintiff's counsel, as contained in the foregoing bill of exceptions, it appears that plaintiff was a citizen of Marshall county. She had engaged to teach school in Rochester, Fulton county, where she commenced this suit for an alleged violation of such engagement, and upon her application the venue was changed to the county of Marshall, where the case was tried.

When it is alleged as a fact in the bill of exceptions signed by the judge, that the foregoing remarks were made by plain-

tiff's counsel in his closing argument to the jury, when there was no opportunity for answer, " with the intention to prejudice the minds of the jury against the cause of the defendant," we think that it is shown that plaintiff's counsel was guilty of misconduct in the trial of the cause; and when he persisted in making such remarks after objection from opposing counsel, and being warned by the court to desist, he was guilty of gross misconduct, and when the court permitted him to continue such remarks after being so warned by the court to desist, it erred in not compelling him to stop.

The attempt of the court afterwards, in its instructions, to remove all erroneous impressions that may have been created upon the minds of the jury by such declarations by plaintiff's attorney, came too late; whatever impressions may have been made by such declarations already had a lodgment in the minds of the jury, and we can not say that if made they would be entirely removed by instructions from the court. The declarations were improper and well calculated to produce the " intended " prejudice against the defendant and its cause of defence.

*Rudolph* v. *Landwerlen*, 92 Ind. 34, was a case in which the facts did not show any greater misconduct of the attorney than is shown in this case, and for which the judgment in that case was reversed. In the decision in that case it is said: " In the case before us, if the first departure of counsel might have been rendered harmless, the second outbreak could not have been inadvertent, but was without any excuse, and it can only be regarded as a purposed violation of the admonition of the court and an attempt to gain an advantage in a court of justice by a known wrong. If it must be allowed that such a going outside of the facts for the purpose of appealing to prejudice ought not to have weight in the determination of any matter, it deserves the strongest condemnation when resorted to for the purpose of influencing the verdict of a jury; and when counsel make such departures, it must be under-

The School Town of Rochester *v.* Shaw.

stood that they do so at the risk of losing any advantage thereby gotten."

In that case, when the second outbreak occurred, the court did stop the counsel, and tried to correct the wrong immediately, without relying upon subsequent instructions for that purpose, and still this court reversed the judgment for the reason of the misconduct of the attorney. In this case the court placed no check or barrier to the attorney's continuing and repeating the misconduct.

The argument of counsel to a jury necessarily proceeds under the supervision of the court, and where counsel abuse their necessarily broad privileges in argument, they should not be permitted to reap any advantage gained by such abuse. When counsel so far forget themselves, and the dignity of their profession, as to travel outside of the evidence and the record in the case, in argument to the jury, and wantonly and virulently attack the character of the opposing party and witnesses, attempt to browbeat opposing counsel, and disregard the orders of the court, they ought not to complain if a new trial be granted on account of their misconduct, especially when this occurs in the closing argument, when there is no opportunity to answer. Such misconduct has a tendency to prevent a fair trial.

The court erred in overruling the motion for a new trial. The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to grant a new trial, and for further proceedings.

Filed Feb. 12, 1885.