Mainard *v.* Reider.

Filed June 23, 1891.

---

No. 183.

## MAINARD *v.* REIDER.

HUSBAND AND WIFE.—*Criminal Conversation.—Admissibility of Evidence.*— In an action by a husband for his wife's seduction, it is not error to permit the husband, in testifying to a conversation between himself and the defendant in his wife's presence, relating to the seduction, to detail what was said by the wife to the defendant during such conversation concerning the charge.

MISCONDUCT OF COUNSEL.—*New Trial.*—Where, in his closing argument to the jury, an attorney goes outside the issues, indulges in the discussion of matters which have no connection with the case, and uses abusive and denunciatory language, calculated to prejudice the defendant in the minds of the jury, and, upon objection by the opposing party, the court fails to do all in its power to remedy the injury, a new trial will be awarded.

From the Whitley Circuit Court.

*T. R. Marshall* and *W. F. McNagney,* for appellant.

*J. D. Wurtsbaugh* and *A. G. Wood,* for appellee.

ROBINSON, J.—This was an action by the appellee against the appellant to recover damages for alleged criminal intercourse between the defendant and plaintiff's wife. Trial by

jury. Verdict and judgment for the appellee. Motion for a new trial overruled and exception taken.

The first contention made by the appellant is under the fifth and sixth causes for a new trial, wherein it is alleged that the trial court erred in permitting appellee to detail on the witness stand what his wife said about the alleged seduction in the presence of the appellee and the appellant, and in refusing to strike out said testimony.

The trial court did permit the appellee, as a witness in his own behalf, to testify to a conversation that took place between the appellee and appellant, in the presence of the wife of the appellee, relating to the seduction of the wife, in which conversation the appellant made certain statements and admissions which strongly tended to prove the allegations in the complaint. The court also permitted the appellee, in his testimony relating to said conversation, to state what was said by his wife at the time in relation to said charge in the presence of both the appellee and appellant. The appellee did not testify as to communications between himself and wife, but to certain statements made by his wife and addressed to the appellant in said conversation.

It is insisted by counsel for the appellant that as section 501, R. S. 1881, renders the wife incompetent as a witness in an action brought by the husband for her seduction, it was error to permit the husband to detail her statements as a witness, although such statements formed a part of the conversation had in her presence between her husband, the appellee, and the appellant, relating to her seduction by the appellant.

We do not concur in this view, and think the evidence was not incompetent under the section of the statute referred to. Nor do we think the evidence was inadmissible upon the ground that it was a communication between husband and wife. The court did not err in admitting this evidence.

The next alleged error complained of by the appellant is under the tenth cause in the motion for a new trial, and re-

lates to certain objectionable remarks of one of the attorneys for the appellee in his closing argument to the jury. The facts under this cause in the motion for a new trial are detailed by the bill of exceptions. The bill shows that on the trial of the cause, when a person named, who was one of the attorneys for the appellee, was making the closing argument to the jury, he, as a part of his argument, used the following language, in substance: "That such crimes as the defendant freely and brazenly admitted were becoming frequent in the country; that unless the defendant was punished in this case by a verdict that any bad man would consider that he could with impunity seduce any woman whom he could induce to consent to it, and thus break up homes and families; that the prevalence of such crimes are becoming alarmingly frequent in the country; that the jury must protect the wives and daughters of the people of Etna township by punishing the defendant and teaching him by their verdict a good lesson; that it would be to the interest of the defendant and the people of this county to punish him for his acts by their verdict; that a substantial verdict against him would be a warning to other bad men like him, and that it was the duty of the jury to give such warning and inflict such penalty," to all of which language the defendant objected and excepted at the time, for the reason that such statements are outside of the issues in the cause, and harmful and prejudicial to the defendant; that said attorney also said in argument to the jury that the defendant used to live in Kosciusko county; that he knew what his moral character was; that it was in proof that neither he nor his wife had been married before, and that he had three children; "and when I asked the question as to whether his wife was the mother of all of said children, you see how quick they objected and asked the court to instruct the jury that they should disregard such statements." And defendant also asked the court to restrain said attorney from the use of said language,

which request, objections and exceptions were all overruled by the court, to all of which rulings the defendant objected and excepted; that, upon objection by defendant to the language last above set out, the court interrupted said attorney, and said to the jury that the statements so last made were improper, and should not be considered by them; that after said instruction by the court said attorney proceeded to say to the jury, as part of his argument, that it was in evidence that neither defendant nor his wife had ever been married before.

This question has been before the Supreme Court on different occasions, and from an examination of the decisions we find the rule of practice laid down in the different cases not in full accord.

It is held in the case of *Grubb* v. *State*, 117 Ind. 277, " Where counsel is guilty of misconduct, and the opposing party, at the time, objects, and the court, upon being asked to do so, neglects or refuses to take action in the matter, or to repair the injury to the satisfaction of the injured party, he can except and bring the question to this court. But in such cases, if the court does all in its power to relieve the party injured from the consequences of such misconduct, there is no action of the court to which an exception can be taken, and consequently nothing to be reviewed in this court. In such cases, if the injured party thinks that the injury is of such a character that it can not be repaired by any action of the court, he should move to set aside the jury, or take such other steps as he may think will secure to him a fair and impartial trial. If he fails to do this, and permits the case to proceed to final determination, he must be deemed to have waived all questions arising out of such misconduct. *Coleman* v. *State*, 111 Ind. 563 ; *Henning* v. *State*, 106 Ind. 386.

" In this case, as the court did all that could be done, and, indeed, all it was asked by appellant to do, it must be considered by this court that all error on account of the misconduct of counsel for the State has been waived."

Mainard v. Reider.

In the case of *Staser* v. *Hogan*, 120 Ind. 207, it is said: " It is now settled, that in order to save any question in relation to the misconduct of counsel during the progress of the trial, the court must be called upon to correct the injury done; if the court refuses to do so, the party injured may except, and thus save the question involved for the consideration of this court. If the court does all in its power to correct the injury, no question can be presented to this court unless the injured party moves to discharge the jury." *Grubb* v. *State*, *supra;* *Kern* v. *Bridwell*, 119 Ind. 226; *Coleman* v. *State*, *supra;* *Henning* v. *State*, *supra*.

The case of *Rudolph* v. *Landwerlen*, 92 Ind. 34, was a well-considered case as to the particular question involved in the cause under consideration, for a motion for a new trial in the case at bar. In that case it was evident that the trial court did its full duty, in fact all was done within the power of the court to correct the injury, but the court says : " It does not necessarily follow, because the court upon the trial did its duty, that there has been no available error. If there was an irregularity in the proceedings of the prevailing party, through the misconduct of his attorney in argument, by which the other party was prevented from having a fair trial, and such irregularity was not waived, but was objected to on the trial for good reasons stated at the time, and was assigned as a cause in a motion for a new trial, the overruling of such motion is an error for which the judgment may be reversed."

In the case of *School Town, etc.*, v. *Shaw*, 100 Ind. 268, which involved a similar question to the one in the case at bar, it is said : " The argument of counsel to a jury necessarily proceeds under the supervision of the court, and where counsel abuse their necessarily broad privileges in argument, they should not be permitted to reap any advantage gained by such abuse. When counsel so far forget themselves, and the dignity of their profession, as to travel outside of the evidence and the record in the case in argu-

ment to the jury, and wantonly and virulently attack the character of the opposing party and witnesses, attempt to brow-beat opposing counsel, and disregard the orders of the court, they ought not to complain if a new trial be granted on account of their misconduct, especially when this occurs in the closing argument when there is no opportunity to answer. Such misconduct has a tendency to prevent a fair trial."

It will be noticed that it was held in *Grubb* v. *State, supra,* and *Staser* v. *Hogan, supra,* that, " If the court does all in its power to correct the injury, no question can be presented in this court unless the injured party moves to discharge the jury," and in this respect these cases and the authorities cited in them differ from *Rudolph* v. *Landwerlen, supra,* and *School Town, etc.,* v. *Shaw, supra,* in which cases the rule, as stated above, was not declared. But, as we construe the several cases cited, where counsel is guilty of misconduct, and the opposing party at the time objects, and the court, upon being asked to do so, neglects or refuses to take action in the matter, or to repair the injury to the satisfaction of the injured party, he can except and bring the question to this court for review, unless the error is waived by the injured party ; that it is only where the court does all in its power to correct the injury, and the injured party fails to move to set aside the jury, or take such other steps as he may think will secure to him a fair and impartial trial, but permits the case to proceed to final determination, that all questions arising out of such misconduct will be deemed to have been waived. Under our understanding of the law as thus expressed, we must determine whether the attorney was guilty of the alleged misconduct; was such misconduct of such a character as to entitle appellant to a new trial ; and did the trial court, upon proper request and steps taken by the appellant, neglect or refuse to repair the injury done to the appellant by such misconduct.

We deem it proper to say that the brief of the appellant's

counsel is not controverted by the counsel for the appellee. They have not favored us with a statement of their views, and in order to obtain the necessary information to form a correct opinion upon the question involved under this cause in the motion for a new trial, the counsel for appellant insisting that there was nothing in the record to excuse or in any sense justify the alleged misconduct of appellee's attorney in his closing argument to the jury, we have been compelled to carefully read all the evidence in the case.

In the determination of this question it is more convenient to here restate what appears in the bill of exceptions relating to the alleged misconduct of the attorney for the appellee in his closing argument to the jury, in the order in which it occurred, with the action of the court thereon.

The first alleged misconduct of the attorney in his closing argument, is in the use of the following language : " That such crimes as the defendant freely and brazenly admitted were becoming frequent in the country ; that unless the defendant was punished in this case by a verdict, that any bad man would consider that he could with impunity seduce any woman whom he could induce to consent to it, and thus break up homes and families ; that the prevalence of such crimes are becoming alarmingly frequent in the country ; that the jury must protect the wives and daughters of the people of Etna township by punishing the defendant, and learning him by their verdict a good lesson; that it would be to the interest of the defendant and the people of this country to punish him for his acts by their verdict ; that a substantial verdict against him would be a warning to other bad men like him, and that it was the duty of the jury to give such warning, and inflict such penalty." At this point in the speech of said attorney the counsel for appellant objected, and excepted to the use of said language, for the reason that said statements were outside of the issues in the cause, and were harmful and prejudicial to the defendant ; but the court made no ruling thereon, and permitted

the attorney to proceed with his argument, and he then said : "The defendant used to live in Kosciusko county ; that he knew what his moral character was ; that it was in proof that neither he nor his wife had been married before, and that he had three children, and when I asked the question as to whether his wife was the mother of all of said children you see how quick they objected, and asked the court to instruct the jury that they should disregard such statements."

At this point appellant's counsel again interposèd an exception and objection, and asked the court to restrain said attorney in the use of said language, which requests, objections and exceptions were all overruled by the court, and properly excepted to ; that after further objection by counsel for appellant to the language last above set out, the court interrupted said attorney, and said to the jury that the statements so last made were improper, and should not be considered by them ; that after this direction was given to the jury, the attorney was permitted to proceed with his argument, and repeated, in substance, a portion of the statement which the court had directed the jury to disregard, by the use of the following language : " That it was in evidence that neither defendant nor his wife had ever been married before."

It matters but little as to the nature and character of this controversy.

Without expressing any opinion upon the weight of the evidence, we do not deem it improper to say that it clearly appears from the evidence that none of the parties connected with its disgusting details seems to have been " like Cæsar's wife, above suspicion." But, be this as it may, the appellant was entitled to a fair and impartial trial.

That part of the speech made by the attorney for the appellee in the closing argument to the jury to which exception was taken, although the most objectionable part may be regarded as eliminated therefrom by the action of the court, was clearly a departure from the legitimate course of argument, and especially so when it occurred in the closing argu-

ment, where there was no opportunity to answer, and when the attorney assumed to restate a portion in substance of the remarks which the court had said were improper, and directed the jury to disregard, and which the court, without further direction, permitted to go to the jury. Conceding that the action of the court to some extent relieved the appellant of the injury caused by this speech, yet the court permitted, with apparent acquiescence, the remainder to go to the jury, which was not in the line of fair and legitimate argument, or within the facts in the case, but was an appeal to the prejudices of the jury upon matters outside of the record, and having no legitimate connection with the case, that could in no way aid the jury in arriving at an impartial and unbiased verdict; but, on the contrary, may have tended to prevent the attainment of this purpose.

When the argument of the attorney is sustained by no evidence in the case, and the court permits him, over objections and exceptions from the opposing party, to go outside of the issues, and to indulge in the discussion of matters that have no connection with the case, and in no way warranted by the evidence, and abusive and denunciatory language is indulged in, such is misconduct on the part of the attorney from which the injured party should be relieved; and such is our conclusion as to the alleged misconduct of the attorney in the motion for a new trial in this case. Unless it appears from the record that the trial court did all in its power to correct the injury, and that the appellant waived the misconduct by reason of the facts existing in the case, under the authorities heretofore cited, we are constrained to say, under the facts as they appear in the record, that the trial court did not do all in its power to correct the injury. After the appellee's attorney had proceeded at some length in a declamatory and indefensible manner in the argument of said cause, the counsel for the appellant attempted to stop the course of the argument by proper exceptions and objections, but the court failed to rule thereon, and permitted the

attorney to proceed without restraint, who became more severe and violent, going far outside of the bounds of legitimate argument, when counsel for appellant again interposed objections and exceptions to the language of said attorney, and asked the court to restrain said attorney in the use of said language, which request, objections, and exceptions were all overruled by the court; that after further objection by counsel for appellant to the language of said attorney, last set out in the bill of exceptions, the court interrupted said attorney, and said to the jury that the statements so last made were improper, and should not be considered by them ; and then, after this direction, the attorney was permitted to proceed, and repeat in substance a part of the objectionable language the court had held improper and directed the jury not to consider. Under these facts, as they appear in the record, it is clearly shown that the trial court did not exercise the power within its control to prevent the misconduct complained of by the appellant, and that the court was so slow in its direction to the jury to disregard certain language used by said attorney in argument as to amount to the use of no power exercised on the part of the court to prevent said misconduct, and particularly so when said attorney was permitted to repeat in argument, in substance, a part of the objectionable language excluded.

Considering the nature and character of the facts involved in the case at bar, it is with much reluctance that we have arrived at the conclusion, under the authorities cited, that the appellant's contention, under this cause, in the motion for a new trial, must be sustained. It is not necessary to consider other errors complained of, as they may not occur on another trial of the cause.

The cause is reversed, with instructions to sustain the motion for a new trial, with further proceedings in accordance with this opinion, at appellee's costs.

Filed June 23, 1891.