BEYER *v.* TRUSLER ET AL.

[No. 13,441.   Filed December 19, 1929.   Rehearing denied March 13, 1930.]

*Chauncey W. Duncan* and *Tremain & Turner,* for appellant.

*Edgar Hite* and *Robert A. Creigmile,* for appellees.

McMAHAN, J.—Henrietta Beyer filed her complaint against John R. Trusler and wife to declare a trust in a certain lot in Sandusky, in Decatur County. The defendants filed a cross-complaint to quiet their title to the same lot.   There was a decree in favor of the Truslers on their cross-complaint quieting their title.   Appellant, by her motion for a new trial, challenged the

sufficiency of the evidence to sustain the decision (special finding) of the court and the action of the court in admitting certain evidence.

The facts, so far as necessary to a decision of this case, are, in substance, as follows: Appellees have been husband and wife since September, 1923; appellant instructed John R. Trusler, hereafter referred to as "appellee," to purchase the lot in question and two other lots in Sandusky; pursuant to such instruction, appellee entered into a contract with the owners of three lots to purchase the same for $1,800, and, acting under direction of appellant, paid $700 on the purchase price with a check signed "Henrietta Beyer by John R. Trusler"; as soon as this contract was signed, appellee and his wife, with the knowledge and consent of appellant, moved into the house on the lot in question and were living there when this action was commenced; before the execution of the deed for the lot in question, appellant instructed and directed appellee to complete the transaction, directed him to sign checks with her name in payment of balance of the purchase price of the three lots, and directed him to have the deed for the lot in question made to appellee and his wife, and to have the deed for the other two lots made to appellant; this was done, the balance of the purchase price for the three lots being paid by checks drawn on appellant's bank account, said checks being signed the same as the first check; the two lots, worth $300, were conveyed to appellant, and the deed to the other lot on which the house was located and which was worth $1,500, was made to appellees as tenants by the entireties; appellant, at the time, had full knowledge of the transaction, authorized the execution of such deeds and the payment therefor by appellee by such checks.

The court found that no trust in the real estate existed in favor of appellant; that appellees accepted the deed

conveying the lot to them, and had it recorded; that appellant's claim to the lot was unfounded, without right, adverse to and cast a cloud upon appellee's title; that appellees were the owners of the fee simple title to the lot and were rightfully in possession of the same. The court stated a conclusion of law in favor of appellees and entered a decree quieting their title.

Appellant, without excepting to the conclusions of law, has entered into an extended discussion of the law relating to gifts and trusts, without challenging any fact as found by the court.

The evidence is sufficient to establish a gift of the lot in question to appellees, and that no trust was created therein in favor of appellant. Frank Beyer, a former husband of appellant, and from whom she had been divorced, testified as to a conversation between appellant and appellees. This conversation took place about the time the deeds were made and at a time when the witness and appellant were husband and wife. The conversation about which the witness testified was a conversation concerning the purchase of the property, the payment for the same, and the way the deeds were to be made. The witness took no part in the conversation. It was a conversation between his wife and appellees in his presence. There was no error in overruling appellant's objection to this testimony. *Reynolds* v. *State* (1897), 147 Ind. 3, 46 N. E. 31; *Mainard* v. *Reider* (1891), 2 Ind. App. 115, 28 N. E. 196.

Affirmed.