[No. 2261.]

## TRUMBULL, RECEIVER, v. DONAHUE.

1. Negligence—Railroads—Crowded Condition of Car—Pleading —Evidence. ·

In an action against a railroad company for injuries to a passenger caused by the door of the car shutting and mashing plaintiff's finger while he was riding upon the platform an allegation that the car was crowded so that there was no room for plaintiff on the inside was proper as explanatory of why plaintiff was riding upon the platform and for the purpose of removing the presumption of contributory negligence, and evidence was admissible in support of such allegation. And an allegation and proof in support thereof of the crowded condition of the platform was proper as explanatory of why plaintiff was riding in the position he was with reference to the door.

2. Negligence—Railroads—Injury to Passenger—Evidence.

In an action against a railroad company for injuries to a passenger caused by a brakeman shutting the door of the car upon plaintiff's finger, the testimony of other passengers who were at the time riding with plaintiff upon the platform that they saw the position of plaintiff's hand at the time was admissible in corroboration of plaintiff's testimony as to his position on the platform.

3. Same—Admissions.

In an action against a railroad company for injuries caused by a brakeman shutting the door of the car upon plaintiff's finger, upon the issue as to whether or not the brakeman actually knew of the dangerous position of plaintiff's hand, statements and admissions of the brakeman made immediately after the mashing of plaintiff's finger were admissible as part of the res gestae to contradict the brakeman's testimony that he did not observe plaintiff's position at the time.

4. Negligence—Damages—Interest—Instructions.

In an action for damages for personal injury where the prayer of the complaint asked for interest upon the damages to be assessed, it was not prejudicial error to refuse a requested

instruction by defendant that no interest could be allowed where the instructions given upon the measure of damage confined the jury to an ascertainment of the actual damage sustained and left no room for an allowance of interest.

*Appeal from the District Court of Clear Creek County.*

Mr. E. E. WHITTED and Mr. J. G. McMURRY, for appellant.

Mr. J. J. WHITE, for appellee.

THOMSON, P. J.

Suit by the appellee against the appellant. The complaint alleged that the defendant was receiver of the Union Pacific, Denver & Gulf Railway Company; that on the 4th day of July, 1898, the plaintiff bought and paid for a ticket from Georgetown to Silver Plume, and entered one of the trains of the defendant to be carried as a passenger between those points; that the passenger car of the train was crowded with passengers, all the seats being occupied, and men, women and children standing in the aisle, so that he could not go through the car; that he then went upon the platform of the baggage car to which the passenger car was attached, the platforms of both cars being also occupied by passengers, and the only vacant place which he could find being on the platform of the baggage car; that the defendant's road between those points was rough, uneven and irregular, and had a great many curves; that the plaintiff stood in front of the door of the baggage car and braced and supported himself, and kept himself from falling off the car by placing his left hand on the frame of the door of the baggage car about six inches from the crack of the door and endeavored to keep it there, but the unsteady movement of the train would cause it to slip so that he could not possibly keep it constantly in one

place; that while he was standing on the platform and so supporting himself a brakeman in the employ of the defendant came from the passenger car, his intention being unknown to the plaintiff, and without giving any warning of what he was about to do, passed behind the plaintiff into the baggage car and then carelessly, negligently and recklessly shut the door, catching the little finger of the plaintiff's left hand between the door and the door frame, injuring, crippling and almost destroying it; that the brakeman saw, or ought to have seen, the dangerous position of the plaintiff, knew or ought to have known that the plaintiff's hand was liable to move on account of the unsteady movement of the train, knew or ought to have known that the plaintiff's position was necessitated by the overcrowded condition of the train, and knew of the curves in the road, and that the train was about to go round one of the curves. Judgment was demanded for $1,500. The complaint also contained a prayer for interest on the amount from the day of the accident.

The defendant moved to strike out all those portions of the complaint relating to the condition of the train and platforms, the condition of the roadbed, the knowledge which the brakeman had or ought to have had of the condition of the road, and the knowledge he ought to have had of the position of the plaintiff. The motions were denied and the defendant answered, putting in issue the allegations of the complaint and averring that whatever injuries the plaintiff may have sustained were due to his own carelessness and negligence. The allegation of contributory negligence was denied by a replication. The plaintiff had a verdict for $250, and from the judgment entered upon it the defendant appeals.

It appears from the evidence that, on the occasion in question, the train was furnished with a regu-

lar passenger car and a smoking car; that both cars
were full of passengers; that the car platforms were
also crowded; and that the roadbed was very rough
and uneven.    The plaintiff testified that, before
boarding the train at Georgetown, he purchased a
first-class ticket, and by reason of the crowd in the
cars, went upon the platform at the rear end of the
baggage car; that he rode with his left hand resting
on the circular jamb to the right of the door of that
car and his face toward the right side of the car; that
without such support it was impossible, by reason of
the roughness and unevenness of the road, to stand
on the platform; that while he was standing there,
and as the train was rounding a curve, a brakeman
came upon the platform of the baggage car and
opened the door; that just then the car, in passing
around the curve, received a side jar which threw the
plaintiff's hand into the door; that the brakeman then
closed the door upon the plaintiff's finger; that. to
close it he pushed it twice; that while the plaintiff's
finger was cut by the first push, it was not cut off;
and that the brakeman then pushed the door the sec-
ond time and cut off the finger.    It appears that the
plaintiff immediately put his shoulder to the door
and forced it open, and he testified that the brake-
man, who was on the inside of the door, holding it,
then said to the conductor:    "Look what this door
has done to this man's hand."  and to the plaintiff:
"Turning that curve throwed your hands off; those
doors are always hurting some one."    The plaintiff
also stated that in approaching the door to open it
the brakeman passed behind him, and that he had
no intimation or suspicion of what the brakeman was
about to do.    A number of persons who were rid-
ing on the platform saw the occurrence and also the
position occupied by the plaintiff, and, as witnesses,
corroborated his testimony as to his position, the

opening and shutting of the door and the resulting injury.

The denial by the court of the defendant's motion to strike out portions of the complaint; the admission of evidence in support of the allegations objected to; the permitting of witnesses to testify that they saw the position of the plaintiff before and at the time of the accident; the admission of the plaintiff's testimony that the brakeman said "Turning that curve throwed your hand off," and the refusal by the court of instructions requested by the defendant are assigned for error. There are other assignments, however, which are not mentioned in the argument, and will, therefore, not be noticed by us; but every point now pressed will receive careful consideration.

The objections to the allegation respecting the crowded condition of the train were that it was immaterial, and that the fact of such condition was not the proximate cause of the injury. The defendant not only sought to eliminate the allegation from the complaint but strenuously resisted the introduction of evidence in its support, on the additional ground that it would tend to create in the minds of the jury a feeling of resentment against the defendant, and a belief that he was careless of the welfare and comfort of his passengers. The allegation was matter of inducement. It explained the presence of the plaintiff on the platform. It was the duty of the defendant to provide accommodations for his passengers within his coaches. A passenger who unnecessarily undertakes to make his trip upon the platform of a car, voluntarily exposes himself to danger, and his negligence in so exposing himself might prove a serious obstruction in the way of a recovery for an injury sustained by him while in such position. If the plaintiff had alleged that he was riding on the

platform, without more, the omission would, *prima facie* at least, have been a confession of contributory negligence. We think an allegation explanatory of the reason why the plaintiff was riding on the platform and not in the car was proper, and if so, he had the right to prove it; and he would hardly be responsible for an unfavorable impression as against the defendant, which the evidence might produce in the minds of the jury.

The allegation, as well as the evidence, concerning the crowded condition of the platforms is on the same footing. It explained how it was that the plaintiff was compelled to occupy the particular place on the platform he did and incur liability to the very injury which he received.

The statement in the complaint that the brakeman ought to have seen the plaintiff's situation and known of the danger to which he was exposed is assailed on the ground that it was not part of the brakeman's duty to know what his situation was. In *Maddox v. Railway,* 38 L. T. 458, it was held that a servant of the company was not chargeable with negligence for failing to see that the plaintiff's thumb was in the hinge of the door after the latter had completely entered the carriage. In *Railway Co. v. Overall,* 82 Tex. 247, the facts were that the plaintiff was a passenger on the train of a railway company; that the train having stopped at a station and the door of the car in which he had been riding being opened and fastened, he took position on the platform with his hand resting upon the jamb upon which the door was swung, with his little finger inside the cleat which the door fitted when closed; and that while standing in that position a brakeman entered the car and suddenly closed the door upon plaintiff's finger. It was not shown that the brakeman saw the position of the plaintiff's finger. It was the opinion of the

court that the act of the plaintiff in placing his hand in such a position on the jamb of the door that it would certainly be injured by any one closing the door was an act of negligence; and that the brakeman was not guilty of negligence in failing to see the position of the plaintiff's finger, because he had the right to presume that the plaintiff was conducting himself with prudence. In *Murphy v. Railroad Co.*, 89 Ga. 832, a judgment of nonsuit against the plaintiff, whose fingers were crushed while he was standing within a crowded car, with his left hand braced on the door of the water closet as the result of a sudden opening and closing of the door by a workman who approached from behind, was sustained. The statement of the facts is accompanied by no formal opinion, so that we are ignorant of the grounds of the decision. It is in the syllabus that we are advised of the fact that the court so ruled; but whatever the question was which the case involved, the court was divided upon it. The foregoing authorities are cited by defendant's counsel in support of their position. Where there is nothing striking or unusual to arrest the attention of a trainman, he is not guilty of negligence in failing to observe just how each passenger has placed himself, and we do not understand those cases to go further; but we should dislike to commit ourselves to a doctrine that would leave a brakeman passing through a crowd of passengers riding upon the platform of a car because proper accommodations are not afforded them elsewhere and whose situation, particularly where the roadbed over which they are passing is rough and winding, is necessarily one of danger, equally free from responsibility. However, to pursue this discussion would be without practical result in this case, because the court submitted to the jury the question, not whether the situation of the

plaintiff ought to have been known to the brakeman, but whether he did in fact know it.

The brakeman, who was a witness, denied that he noticed the plaintiff's position, and it is contended that there was no competent evidence to overcome his positive testimony. Certain of the passengers on the platform testified that they saw the plaintiff standing and supporting himself in the manner described by him. Counsel reason that the admission of such testimony was improper because what they saw is no evidence of what the brakeman saw. The question, to what extent the fact that they noticed the plaintiff's position might warrant an inference that the brakeman also noticed it, is one we do not care to discuss. It is always proper for a party to support his own statement by the testimony of others. The plaintiff had testified as to his position on the platform, and these other witnesses simply corroborated him. There was no error in allowing them to do that. But upon the question of the brakeman's knowledge of the manner in which the plaintiff occupied the platform, there was other evidence, the propriety of the admission of which it is in order now to consider. This evidence was an expression of the brakeman immediately after the crushing of the plaintiff's finger. It is contended that the admission of this was erroneous because, first, the relation of the brakeman to the defendant was not such that what he said would bind the defendant; and, second, the expression was not part of the *res gestae*. The first objection may be dismissed without comment; but the second requires some examination. It is insisted that the declaration was independent of the principal fact; that at the time it was made the incident was closed —the transaction at an end. The testimony concerning the occurrences connected with the transaction was not harmonious; but the jury, by their ver-

dict, gave credit to that which was most favorable to the plaintiff, and in its light the question must be considered. Following it, we find the brakeman opening the door and then closing it on the plaintiff's finger; the plaintiff immediately forcing the door open; the brakeman holding the door on the inside and, on seeing the plaintiff's maimed hand, exclaiming first to the conductor and then to the plaintiff: "Look what this door has done to this man's hand." "Turning that curve throwed your hand off." Now it seems to us that these occurrences, commencing with the brakeman's opening of the door and closing with his last ejaculation, constituted one continuous transaction, and that the declarations were the natural and spontaneous outcome of the principal fact. In *Building Co. v. Klein,* 5 Colo. App. 348, it was suggested that if the elevator boy, after the child fell from the elevator, instead of abandoning her to her fate and continuing his upward course, as he did, had immediately lowered his elevator to the basement against the floor of which she struck, his first exclamation on coming in sight of her body would have been part of the transaction, and, therefore, competent as evidence. The suggestion there made fits the facts here. We think the inference legitimately deducible from the testimony was inconsistent with the brakeman's statement, as a witness, that he did not observe the plaintiff's position. If he had not seen the plaintiff standing on the platform steadying himself with his hand against the jamb of the door in such manner that the turn they were making on the curve was liable to throw his hand inside of the door just opened, how could he so readily and accurately have accounted for the accident? We think the declaration was properly admitted as part of the *res gestae,* and what effect should be given to it was for the jury to determine.—Wharton's Ev.,

§§ 258-261; *Union Casualty & Surety Co. v Mondy,*
*ante,* 395, 71 Pac. 677.

The court denied a request by defendant's coun-
sel to instruct the jury that no interest could be al-
lowed upon any damages to which they might find
the plaintiff to be entitled, neither as part of such
damages nor as interest proper.  This was the only
ruling upon instructions refused or given which is
challenged in argument.  Unquestionably the pro-
posed instruction was a correct statement of the law;
but we are unable to discover any necessity for it.
The instruction which was given relating to the
measure of damages left no room for an allowance of
interest.  It confined the jury to an ascertainment of
the amount of actual damage sustained, enumerat-
ing the elements to be considered and, consistently
with its language, a finding of interest could not be
made.  But counsel seem to think that the jury might
in some way have been influenced by the prayer for
interest in the complaint.  Even if they had known
of the existence of the prayer it is not to be pre-
sumed that it would have caused them to depart from
the instruction they received from the court; but it
does not appear that they ever saw the complaint or
had any information concerning its contents.

We find no error which would warrant us in re-
versing this judgment, and we therefore order it af-
firmed.                                        *Affirmed.*