## INDIANAPOLIS STREET RAILWAY COMPANY *v.* HAVERSTICK.

[No. 5,195.    Filed April 18, 1905.]

1. TRIAL.—*Instructions.*—*Street Railroads.*—*Contributory Negligence.* —There is no error in instructing the jury that a passenger on a street railroad is not guilty of contributory negligence as a matter of law because of riding on the running-board of a crowded car.    p. 284.

2. SAME.—*Instructions.*—*Compromise.*—An instruction that, to sustain the plea of compromise and settlement, it must appear that defendant made a distinct proposition of settlement and plaintiff accepted it, is not misleading where the plea showed that defendant made the first offer, and where in another instruction the jury were told that, to sustain such plea, it made no difference who made the offer.    p. 285.

3. SAME.—*Compromise and Settlement.*—*Burden of Proof.*—Compromise and settlement is an affirmative defense and the burden of proof is on the one alleging it.    p. 286.

4. SAME.—*Instructions.*—*Burden of Proof.*—An instruction that, to sustain defendant's plea, "it must clearly appear" that a certain fact was established, is not misleading where in another instruction the jury were told that defendant must establish such fact "by a preponderance of the evidence," and in another instruction it was properly explained what was meant by a "preponderance of the evidence." p. 286.

5. EVIDENCE.—*Personal Injuries.*—*Expressions of Pain.*—Expressions of pain are admissible in evidence in personal injury cases.    p. 287.

6. SAME.—*Street Railroads.*—*Passenger.*—*Reason for Riding on Running-board.*—In a personal injury case, where plaintiff's contributory negligence in riding on the running-board of the defendant's street car is an issue, plaintiff's testimony that the car was so crowded that it was impossible to get a seat is admissible to show the reason for so riding.    p. 288.

7. EVIDENCE.—*Negligence.—Damages.—Medical Services.—Payment.*—
Whether plaintiff has paid all, a part or none of his doctors' bills is
immaterial in a personal injury case. p. 289.

From Morgan Circuit Court; *George W. Grubbs,* Special
Judge.

Action by James M. Haverstick against the Indianapolis
Street Railway Company. From a judgment for plaintiff
on a verdict for $700, defendant appeals. *Affirmed.*

*F. Winter, W. H. Latta* and *Oscar Matthews,* for appel-
lant.

*David E. Watson, Homer L. McGinnis, Wilson S. Doan*
and *Charles J. Orbison,* for appellee.

WILEY, J.—Appellee recovered a judgment against appel-
lant for injuries sustained by him while he was a passenger
on one of its cars in the city of Indianapolis. His com-
plaint was in one paragraph, to which an answer in two
paragraphs was filed.

Two errors are assigned: (1) That the complaint does
not state facts sufficient to constitute a cause of action; and
(2) that the trial court erred in overruling appellant's mo-
tion for a new trial. The first error assigned is waived by
appellant's failure to discuss it. The errors relied upon, as
presented by the overruling of the motion for a new trial,
rest upon certain instructions given by the court, and the
admission and rejection of certain evidence.

The accident resulting in appellee's injury occurred on
Thirteenth street, in the city of Indianapolis, where appel-
lant maintained two street car tracks parallel to each other,
and over which it operated cars. The complaint avers that
appellant had taken up the south track, from a point near
where Thirteenth street crosses the Lake Erie & Western
Railroad Company's tracks, for a distance of about two
squares east of said crossing; that appellant had provided a
temporary switch, whereby the cars going outward were
transferred from the south track to the north track, and

when so transferred they ran along the north track to a point where the south track was not torn up, and where the cars ran onto the south track by means of another switch. It is averred in the complaint that the car upon which appellee was riding was an open one, with the seats running crosswise, with a broad running-board or step upon one side, said step being on the south side of said car as the same was going eastward; that when appellee took said car, all the seats were occupied; that persons were standing between the seats; that the platforms in the front and rear were occupied when appellee took passage thereon; that at the time he took passage on said car, there were some twelve or fifteen passengers standing upon the running-board. It is further alleged that appellee stood upon the running-board of said car, and that the same was a safe place to ride had the car been operated in a careful and prudent manner; that appellant invited appellee to stand upon said running-board, and took his fare, and that appellant knew there was no other place upon said car that appellee could take passage; that appellant, when the car had reached the crossing of Thirteenth street and the tracks of the Lake Erie & Western Railroad Company, or near there, suddenly, negligently and without warning turned said car off of said south track onto the north track; that at the time it was dark and impossible for appellee to see. It is further averred that in Thirteenth street, just south of the north track, appellant had placed a number of poles upon which to support the electric wires, said cars being propelled by electricity; that said poles are placed at such a distance that only about a six-inch space is between them and a moving car. It is then averred: "And plaintiff says that it was dark and he could not see said poles, and that this defendant suddenly and negligently turned said car upon said north track, and suddenly and negligently increased the speed of said car to a high and dangerous rate, and suddenly, negligently and without warning, passed one of said poles, negligently hurling the body of this plaintiff

against one of said poles." The answer was a denial and an affirmative plea of settlement. To the second paragraph of answer a reply of denial was filed.

Of the several instructions given by the court, appellant predicates error only upon the eighth and thirteenth. These are as follows: "(8) (An act done, or a failure to act under such circumstances that a person of ordinary care, caution and prudence would not have apprehended danger therefrom, is not an act or failure to act, in law, as would amount to contributory negligence.) So in this case, if you find from the evidence that the car upon which plaintiff took passage was full of passengers, the seats being all filled, that after getting on said car he stood upon the running-board of said car, holding to the handholds upon the said car, such act of so riding upon said running-board of said car would not constitute negligence upon his part, such as would bar a recovery in this action." "(13) As to the plea of compromise and settlement of plaintiff's cause of action and claim for damages in this action, I instruct you that the burden is upon the defendant to prove said plea of settlement and payment by a preponderance of the evidence. To sustain said plea of settlement and payment it must clearly appear that a definite and distinct proposition was made upon the part of the company defendant, which proposition in its terms was accepted by the plaintiff in settlement and adjustment of his claim for damages."

1. The eighth instruction correctly states an abstract proposition of law. *Marion St. R. Co.* v. *Shaffer* (1894), 9 Ind. App. 486.

In *Pomaski* v. *Grant* (1899), 119 Mich. 675, 78 N. W. 891, the court said: "Error is assigned on an instruction to the jury that it was not negligence for the plaintiff to ride on the running-board of this car. We think, in view of the testimony in the case, there was no error in this. The plaintiff testified that the car was full, and that he could not get inside, and this testimony was not disputed."

In *Graham* v. *McNeill* (1899), 20 Wash. 466, 55 Pac. 631, 41 L. R. A. 300, 72 Am. St. 121, it was held that it is not contributory negligence, as a matter of law, for a passenger to stand on the platform, when the cars are full, in a position in which a person exercising ordinary care would be safe if the train was run in a careful manner. To the same effect are the following cases: *Pendergast* v. *Union R. Co.* (1896), 41 N. Y. Supp. 927; *Metropolitan R. Co.* v. *Snashall* (1894), 3 App. D. C. 420; *Cogswell* v. *West St., etc., R. Co.* (1892), 5 Wash. 46, 31 Pac. 411; Clark, Accident Law (St. R.), §37; Nellis, Street Surface Railroads, p. 472.

Upon the question whether appellee was guilty of contributory negligence, the court fully and correctly instructed the jury in its seventh and ninth instructions. These instructions were applicable to the evidence, and we can not believe that the jury was misled by the eighth instruction.

2. Appellant insists that the thirteenth instruction was prejudicial, for two reasons: "(1) Because the court said it must clearly appear. This language placed on the appellant a heavier burden than the law imposes in proving its defense. (2) Because the court said to the jury that there could be a compromise only by a proposition from the defendant and its acceptance by the plaintiff. Now we respectfully call attention to the fact that we alleged and proved that the proposition came from the plaintiff and was accepted by the defendant. In other words, the court virtually ruled out the whole question of settlement." The thirteenth instruction should be read in connection with the fourteenth. So much of that instruction as is pertinent is as follows: "But if you find that plaintiff and defendant came to an arrangement as to his claim for damages; that plaintiff agreed to accept $200 in full settlement of his claim; that defendant accepted said offer, and offered and tendered plaintiff said sum in full payment of his claim for damages,

and has brought said sum into court for the use and benefit of plaintiff, then I instruct you that plaintiff is not entitled to recover in this action as to damages." The question of settlement between appellant and appellee is presented by the second paragraph of answer. The answer avers that appellant agreed to pay appellee $150 in full of all damages he sustained, and that the latter submitted a counter proposition that, if the former would pay him $200, he would accept the same in full settlement. It is then alleged that appellant accepted appellee's proposition, offered to pay him $200, which he refused, and that thereupon it brought said sum into court for his use and benefit. So it appears from the answer that the initial step looking to a compromise was taken by appellant. Instruction thirteen is in substantial harmony with the answer, and, read in connection with the fourteenth, was not misleading. As a question of law, it can not matter from whom the proposition for settlement came. If one was made and accepted, it constituted a contract, and, in the absence of fraud, was binding on both parties. *Cartmel* v. *Newton* (1881), 79 Ind. 1; *Fairbanks* v. *Meyers* (1884), 98 Ind. 92; *Brown* v. *Russell & Co.* (1886), 105 Ind. 46.

3. The question of settlement was an affirmative issue tendered by the second paragraph of answer, and the burden of proving it was, as the court told the jury, upon appellant.

4. The thirteenth instruction was correct, unless the court was in error in saying to the jury that "it must clearly appear" that a definite proposition was made and accepted. In this instruction the jury were told that "the burden is upon the defendant to prove said plea of settlement and payment by a preponderance of the evidence." In another instruction the court properly told the jury what was meant by the expression "preponderance of the evidence." So it was left to the jury to determine, from a preponderance of the evidence, whether appellant had

established the defense set up in its second paragraph of answer.

In the case of *Hart* v. *Niagara Fire Ins. Co.* (1894), 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86, the trial court instructed the jury that before they could find the existence of a certain fact,. they "should be satisfied by a clear preponderance of the evidence." In disposing of the instruction, the court said: "It seems to us that, in connection with the instructions given above, the phrase 'clear preponderance of the evidence' amounts to nothing more than a preponderance of evidence, or a distinct preponderance of evidence, which would, of course, be necessary to a verdict, as it must be a distinct preponderance before the preponderance can be ascertained. Construing the instructions together, we think the jury was not misled by the instructions."

Construing together the thirteenth instruction and that part of the fourteenth above copied and the instruction defining what is meant by the expression "preponderance of evidence," we do not think that the jury were in any way misled as to their duty. Neither do we think that instruction thirteen placed on the appellant a heavier burden than the law imposed in proving its defense. As applied to the evidence, the instructions upon the question of compromise and settlement fairly stated the law, and were not prejudicial to appellant.

5. It is next contended that it was error to admit evidence that appellee complained of pain after the injury. Appellee's wife testified that he complained of his back and hips hurting him. The admissibility of evidence of this character is no longer a question of debate in this jurisdiction. Of the many cases affirming that such evidence is admissible, we cite only the following: *City of Alexandria* v. *Young* (1898), 20 Ind. App. 672;. *Peirce* v. *Jones* (1899), 22 Ind. App. 163; *Carthage Turnpike Co.* v. *Andrews* (1885), 102 Ind. 138, 52 Am. Rep. 653.

6.    The next question for our consideration is whether it was error to permit appellee to answer the following question: "Why did you not get up in the car?" To this question he made the following answer: "The car was so crowded that it was impossible for me to get there before I was hurt." The only reason urged why this evidence was not admissible is that it allowed appellee to state merely a conclusion. We do not think this objection is well taken. One of the questions at issue, and which the jury were called upon to determine from the evidence, was whether the appellee was guilty of negligence in riding upon the running-board of the car. Appellee in his complaint averred that appellant invited him to ride on its car by stopping the car and taking his fare, and that he was compelled to ride on the running-board because there was no room elsewhere in the car or on the platform for him to ride. These averments tendered an issuable fact, and it was proper for him to establish such fact. He charged that after the car passed from the south to the north track, which brought the running-board on which he was standing next to the poles, the speed of the car was suddenly and negligently increased as it passed one of said poles, thus inflicting the injuries of which he complains. Appellee testified that the passengers on the car said, "Look out for the poles," and that he tried to get between the seats to avoid them. Under the circumstances thus detailed, it was proper for appellee to tell why he did not get up into the car.

In *Trumbull* v. *Donahue* (1903), 18 Colo. App. 460, 72 Pac. 684, appellee was riding upon the platform of a car, and while there got his hand caught in the door of the car when it was being closed, whereby he was injured. His excuse for being on the platform was that the car was so crowded he could not get in. In the course of the opinion the court said: "We think an allegation explanatory of the reason why the plaintiff was riding on the platform, and not in the car was proper, and, if so, he had the right to

prove it. * * * The allegation, as well as the evidence, concerning the crowded condition of the platforms is on the same footing. It explained how it was that the plaintiff was compelled to occupy the particular place on the platform he did and incur liability to the very injury which he received."

So far as the evidence complained of goes it is intended to disclose a reasonable excuse why appellee could not avoid the danger into which appellant had invited him. It was not error to admit it.

7. On cross-examination, appellee testified that part of his "doctor bills" had been paid and part of them had not been paid. He was then asked the following question: "Which one of the doctors is it you have not paid?" Appellee objected to this question on the ground that it was not cross-examination. Whether it was cross-examination or not can make no difference. If the question was a proper and pertinent one, the refusal to permit the witness to answer it would not be reversible error. It was wholly immaterial, as between appellant and appellee, whether he had paid or not paid the doctors' bills incurred in the treatment of his injuries. If he had paid a part of such bills and a part was unpaid, he would still be liable for those unpaid. The answer to the question propounded could not possibly throw any light upon any issuable fact in the case.

Judgment affirmed.