## The Cleveland, Cincinnati, Chicago and St. Louis Railway Company et al. v. Clark, Administrator.

[No. 7,711. Filed November 1, 1912. Rehearing denied January 31, 1913. Transfer denied March 6, 1913.]

1. APPEAL.—*Review.—Complaint.—Evidence.—Sufficiency.*— Where two persons were injured in the same accident, and two separate actions were filed to recover damages, and both actions were appealed, the determination, in the one appeal, of the sufficiency of the complaint, and of the evidence to show that defendants' negligence was the proximate cause of the injury, is conclusive in the other appeal, where the complaint and evidence are practically the same in each case. p. 649.

2.  RAILROADS.—*Crossing Accidents.—Evidence.—Sufficiency.*—In an action to recover for the death of plaintiff's decedent as the result of a railroad crossing accident, evidence tending to show that she ·was thrown out of her buggy, and showing that before the accident decedent was strong and healthy and did all her own work, that after the accident, and up to the time of her death, she complained of pains in her side and back almost continuously, that she became greatly emaciated and was able to do but very little work, that she was internally injured and that her death was directly caused by peritonitis caused by such internal injuries, sufficiently supports a finding that decedent was injured by the collision ·with the train and that such injuries were the cause of her death, notwithstanding there was other evidence to show that almost immediately after the accident decedent was on her feet and running down the road, and that she got out of the buggy before it was struck. p. 649.

3.  APPEAL.—*Review.—Harmless Error.—Instructions.—Mistake in Use of Word.*—Where a mistake in the use of words in an instruction is so obvious that the jury could not have been misled, the error will be deemed immaterial. p. 650.

4.  APPEAL.—*Review.—Refusal of Instructions.*—The refusal of requested instructions is not ground for reversal, where, so far as they were proper, they were covered by other instructions given. p. 651.

5.  RAILROADS.—*Crossing Accidents.—Evidence.—Admissibility.*—In an action for the death of plaintiff's decedent in a collision with a train caused by the defective condition of the crossing, evidence as to the condition of the crossing after the accident was admissible, where it was shown that the condition was the same before the accident. p. 651.

6.  RAILROADS.—*Crossing Accident.—Evidence.—Admissibility.—Notice of Defect.*—In an action for the death of plaintiff's decedent in a collision with a train caused by the defective condition of the crossing, testimony of a witness that, shortly before the accident, his horse had caught its foot between the rail and a plank of the crossing, as it was alleged that decedent's horse had done, was proper as showing constructive notice to the railroad company of the character of the crossing. p. 651.

7.  APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action against a railroad company and a construction company for the death of plaintiff's decedent who was struck by a construction train at a crossing, error, if any, in admitting evidence as to the defective condition of the crossing could not have harmed the defendant construction company, where, under the pleadings, it was not charged with any responsibility for the condition of such crossing. p. 651.

8. WITNESSES.—*Cross-Examination.*—*Matter Not Brought Out on Direct Examination.*—A question, on the cross-examination of a witness, as to a matter not brought out on direct examination is properly refused. p. 652.

9 EVIDENCE.— *Declarations of Existing Pain.— Admissibility.*— Where, in an action to recover for a wrongful death, one of the issues involved the extent of decedent's injuries from the accident, declarations of the decedent, made the day after the accident, that her shoulder was hurt and that she suffered pain, were admissible as declarations of present existing pain to show the extent of her injuries. p. 652.

10. APPEAL.—*Review.*—*Misconduct of Counsel.*—Where, in an action against several defendants, the court overruled a motion to withdraw the submission of the cause to the jury because of the statement of plaintiff's counsel in argument that defendants desired that liability should be fixed on one of them that was insolvent, but instructed the jury that it should consider only the evidence in the case, and not what the attorneys say outside the evidence, defendants received all the relief to which they were entitled, since in view of the circumstances and the evidence in the case, the statement did not warrant the withdrawal of the submission. p. 653.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by James M. Clark, administrator of the estate of Selma Clark, deceased, against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Louis D. Leveque, A. J. Kelly, A. W. Knight, George A. Knight, L. J. Hackney,* and *Sullivan & Knight,* for appellants.

*S. M. McGregor* and *S. A. Hays,* for appellee.

IBACH, J.—This was an action to recover damages from appellants on account of the death of Selma Clark, appellee's decedent, alleged to have been the result of injuries caused by appellants' negligence on November 1, 1906.

*Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822, is a companion case to this, being an action for damages caused by the negligent killing of Maggie Clark in the same accident. The women were sisters-in-law, and were riding in a buggy which was struck by a construction

train at the crossing of a public highway with appellant railway company's tracks. Selma Clark was driving. Maggie Clark was very severely crushed about the limbs, and died in a few days. Selma Clark, it is alleged, received injuries which caused her death on April 24, 1908. The complaint in this case, except that it sets out the facts of the occurrence more in detail, is almost an exact copy of the second paragraph of the complaint in the other case. The actionable negligence averred is practically the same. The former complaint was held by this court to be good as against all the defendants. The evidence tending to show that appellant railway company was negligent in maintaining a defective highway crossing, and that appellant Wabash Constructon Company was negligent in the operation of its construction train, and that such negligence on the part of these appellants was the proximate cause of the collision between the train and the buggy, is likewise practically the same as that considered in the former case, and we have nothing to add to what was said in the former opinion concerning this evidence. The sufficiency of the com-

1. plaint in the present case, and the sufficiency of the evidence in the present case to show negligence on the part of appellants which was the proximate cause of the collision, were conclusively determined against appellants' contentions by the opinion in the former case.

It is urged that the evidence in the case at bar is not sufficient to prove that appellee's decedent was injured at all by the collision, or that, if injured, her injuries caused

2. her death. Many witnesses, including members of her family, and neighbors who saw her frequently, testified that before the accident she was strong and healthy, and did all her own work, including her washing and ironing; that after the accident, up to the time of her death, she complained of pains in her side and back almost continuously; that she became greatly emaciated, and was able to do but very little work, scarcely her cooking. Mrs. Strachn

testifies that the morning after the accident decedent said that she was hurt down her left shoulder and side, and witness looked and saw that her shoulder was discolored. Dr. Siner, her physician, who was called to attend her the night of the accident because of her nervousness, and who attended her frequently up to her death, testified that in his opinion she was injured internally by the accident, and that her death was caused directly by peritonitis caused by these internal injuries. It is true that decedent was seen running down the road almost immediately after the accident, and appellants introduced evidence tending to show that decedent got out of the buggy before it was struck, but the jury, in answer to interrogatories, stated that it believed she was thrown out, and there was evidence tending to support such a finding. Kate Hardesty, who saw her immediately after the collision, testified that there was dirt on her black coat, as if she had been down. We think that the evidence that she received injuries in the collision which caused her death is sufficient to sustain the verdict on this point.

The objections made to instructions are, in substance, those made to the instructions given in the Maggie Clark case. Instructions Nos. 8, 9, 12 and 14 given at plaintiff's request, were given in that case, and the same objections here urged to them were considered on the appeal to this court. Instruction No. 15 in the present case is the same as instruction No. 15 set out in the opinion in the former case, with the omission of the word "wrongful," which occurs twice in the instruction there set out, and the objections made to it are there answered. There was no error in giving instructions Nos. 2½ and 10, when they are considered in connection with all the other instructions given.

Instruction No. 7, as it appears in the transcript, contains a clause which reads, "and if such negligence results in injury to a person who was rightfully using the high-

3.  way without *of such* and in the exercise of due care for his own protection." Appellants urge that such an in-

struction is meaningless and unintelligible to the jury.   Appellee gives an explanation which we think the true one, that the present reading is merely a clerical error in copying, and that the instruction as read to the jury contained the words "without fault," instead of "without of such." But if it had been given as copied in the record there would be no reversible error, for where a mistake in the use of words in an instruction is so obvious that the jury could not have been misled, the error will be deemed immaterial. *Anderson* v. *Anderson* (1891), 128 Ind. 254, 27 N. E. 724; *Pittsburgh, etc., R. Co.* v. *Carlson* (1899), 24 Ind. App. 559, 56 N. E. 251.

Instructions Nos. 9, 10, 11, 17, 22 and 31, which the court refused to give on the motion of appellant Wabash Construction Company, were covered, so far as proper,

4.  by other instructions given.   The same is true of instruction No. 12, which the court refused to give on motion of appellant railway company.

The objection to the evidence of the witness Katt-

5.  man, as to the condition of the boards at the crossing on the main track, that he was testifying to a time after the accident, was not well taken, for it was shown that conditions were the same before the accident.   The witness Muir's testimony that his horse had caught its

6.  foot between the rail and a plank at the crossing, as it was alleged decedent's horse had done, was proper as showing constructive notice to appellant railway company of the character of the crossing, the witness having fixed the time when his horse's foot was caught as shortly before the accident, the same fall.   But if there had been

7.  error in the admission of the testimony of these witnesses, appellant Wabash Construction Company, which is the only one of appellants which argues this point here, could not take advantage of the error.   Such error would be harmless as to the Wabash Construction Company, for such testimony could under the pleadings in no way

fasten liability on this defendant, which was not charged with any responsibility for the condition of the crossing on the main track.

It was not error to refuse to permit Dr. Siner, upon cross-examination, to answer the question, "Did Selma Clark ever tell you on any occasion when you were waiting on her

8. that somebody at the crossing hollered out to her that the track was clear, hurry up?" No matter

was called out on direct examination which would make this question proper on cross-examination.

Witness Barbara Strachn testified to seeing Selma Clark the morning after the accident, and that she was nervous and trembling. Then, in answer to the question,

9. "What did she say upon your inquiry?" the witness testified, "Well, I went to her, and it was natural

for me to ask her how she felt, and she answered me and told me that she felt awfully bad, and I said, 'Where are you hurt?' and she said, 'Down this shoulder [the left] and down this side [the left].' This shoulder [the left] and part of her arm seemed to be discolored, I looked at it and it was discolored all over her left shoulder and she was very nervous." Appellants objected to this answer on the ground of self-serving declarations. The witness further testified, without objection, that Mrs. Clark was holding her side when she was trembling, and said her side was hurting her. We do not think appellants' objection was well taken. One of the issues in the case was the extent of decedent's injuries from the accident. The witness was testifying as to what decedent said of present, existing pain. Decedent's declarations and complaints at the time were competent to show the extent of her suffering. *Cleveland, etc., R. Co. v. Carey* (1904), 33 Ind. App. 275, 71 N. E. 244; *Indianapolis St. R. Co. v. Schmidt* (1904), 163 Ind. 360, 71 N. E. 201; *Indianapolis St. R. Co. v. Haverstick* (1905), 35 Ind. App. 281, 74 N. E. 34; *Southern Ind. R. Co. v. Davis* (1904), 32 Ind. App. 569, 69 N. E. 550.

One of appellee's counsel, while addressing the jury, said: "They [defendants] want the liability fixed on the Guilfoil Company, and that would be all right as far as they are concerned, but it might make a difference to the plaintiff when he comes to collect his judgment and finds the Guilfoil Company to be insolvent, when he would be unable to collect his judgment." Objection was made by appellants' counsel to this language, and they moved the court to withdraw the submission of the cause to the jury and discharge the jury because of this remark. The court overruled this motion, and instructed the jury as follows: "You will consider only the evidence in the case, and not what the attorneys say outside the evidence." Thus the remark was withdrawn from the consideration of the jury by the court's instruction, if, in fact, it was improper and outside the evidence. In view of the circumstances, and considering the evidence given at the trial, the language of counsel was not a ground for withdrawal of the submission to the jury, and appellants received all the relief to which they were entitled. *Malott* v. *Central Trust Co.* (1907), 168 Ind. 428, 79 N. E. 369; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 72 N. E. 589· *Blume* v. *State* (1900), 154 Ind. 343, 56 N. E. 771.

Judgment affirmed.

Note.—Reported in 99 N. E. 777. See, also, under (1) 11 Cyc. 745; (2) 33 Cyc. 1090; (3) 38 Cyc. 1595; (4) 38 Cyc. 1711; (5) 33 Cyc. 1077; (6) 33 Cyc. 1076; (7) 38 Cyc. 1411; (8) 40 Cyc. 2500; (9) 16 Cyc. 1164; (10) 38 Cyc. 1502. As to mode of curing error in respect of counsel's misconduct in the course of argument, see 9 Am. St. 569. As to liability for negligence when the unsafe condition of one's premises or utility has caused injury to another, see 14 Am. St. 435. As to the admissibility in evidence of exclamations and expressions of pain in actions involving bodily injuries, see 15 Ann. Cas. 799.