Filed March 3, 1892.

----

No. 225.

## THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* WRAPE.

RAILROAD.—*Action for Injuries by Fire.—Complaint.—Averments as to Negligence.—Motion to Make More Specific.*—Where an action was brought against a railroad company for injuries caused by fire, and the complaint alleged that the defendant negligently permitted combustible material to accumulate on its right of way, that in operating its locomotives the rubbish was ignited, and that defendant negligently permitted the fire to escape without any fault of plaintiff and to enter on plaintiff's land, where it injured and killed a large number of trees, a motion requiring the plaintiff to state more specifically the acts of negligence and the number of trees injured and destroyed, etc., was properly overruled.

The Ohio and Mississippi Railway Company v. Wrape.

INTERROGATORIES.—*Motion to Require Fuller Answers.— When Correctly Over-ruled.*—A motion to require interrogatories to be answered more fully should be overruled when it appears that they have been sufficiently answered to the extent to which they tend to elicit material facts.

JURY.—*View of Premises.—Discretionary with Court.—Evidence.*—The power to require the jury to view premises for the purpose of making a more intelligent application of the evidence is discretionary with the court. Section 538, R. S. 1881.

SPECIAL VERDICT.—*When not Error to Refuse.*—Where the appellant had requested the court to instruct the jury in writing, and after the evidence had all been heard, and the court had intimated to counsel the character of the instructions, it was not error to refuse to grant a special verdict.

PRACTICE.—*Argument to Jury.— Misconduct of Counsel.— When Available Error.*—Misconduct of counsel in argument to jury to constitute available error must be objected to at the time, and the intervention of the court invoked and the ruling of the court, if adverse, must be duly excepted to.

INSTRUCTIONS TO JURY.—*Refusal to Give, When not Error.*—When an instruction to a jury is refused, but the same points are fully covered by other instructions, there is no available error.

From the Jennings Circuit Court.

*G. F. Lawrence,* for appellant.

*A. G. Smith* and *W. Fitzgerald,* for appellee.

CRUMPACKER, J.—This action was commenced by Wrape against the railroad company to recover damages caused by fire which escaped from the right of way to the plaintiff's premises through the alleged carelessness of the defendant.

The first paragraph of complaint alleges that plaintiff was the owner of a tract of land adjoining the defendant's right of way, upon which was growing timber; that the defendant carelessly and negligently allowed dry leaves, grass and other combustible rubbish to accumulate and remain upon its right of way, and in operating locomotive engines upon its railroad, such combustible rubbish was set on fire and the defendant carelessly permitted the fire so set out to escape from the right of way and enter upon plaintiff's said premises, where it spread over his woodland, " then and there injuring, killing and destroying five hundred young oak and poplar

trees growing upon said land, of the value of one dollar each ; " that the injury occurred without any fault or negligence upon the part of the plaintiff.

The second paragraph, in legal aspect, is the same as the first, but it alleges the injury, etc., of twenty-eight hundred young oak and poplar trees of the value of twenty-five cents each.

The cause was put at issue and tried by. a jury. A verdict was returned in favor of plaintiff, upon which judgment was rendered.

The defendant appeals and assigns a number of grounds of error.

The first question for consideration arises upon exceptions to the overruling of appellant's motion to make each paragraph of complaint more specific. This motion seeks to require the complaint to state more particularly the acts or omissions which constituted appellant's negligence in permitting the fire to escape from the right of way, also to state the number of trees that were " injured," the number " killed," and the number " destroyed," and the size and value of each ; also the number and particular kinds of oak, the number of poplar, and a specific classification of all other kinds for which damages are claimed.

Reasonable certainty is all that can practically be accomplished in pleading. The complaint charges negligence in permitting the fire set out by appellant to escape from its right of way. This is a negative averment, showing by necsary implication a failure to take ordinary precautions to prevent its escape, and it is obvious that it would be a difficult task, and one entirely beyond the province of pleading, to negative specifically every possible method by which the escape of the fire might have been prevented. This identical question was decided adversely to the position of the appellant by this court in the case of *Chicago, etc., R. R. Co.* v. *Barnes,* 2 Ind. App. 213, and we see no reason for departing from the rule announced in that case.

Respecting the other phases of the motion, they relate to mere matters of evidence which must have been treated as surplusage in the complaint had it satisfied the requirements of the motion. *Pennsylvania Co.* v. *Zwick,* 1 Ind. App. 280. There was no error in overruling the motion.

With the answer appellant filed a number of interrogatories, and obtained an order of court requiring the appellee to answer them under oath. After such answers were filed, appellant moved for an order requiring them to be made more definite and certain. The interrogatories sought to elicit a specific description of the kinds of trees injured, the number and size of each kind, the length of time appellee had owned the land, and the amount he paid for it originally.

Without discussing each question and answer in detail, it may be safely declared that to the extent to which the interrogatories tended to elicit material facts, they were sufficiently answered, and therefore no error occurred in overruling the motion.

After the evidence had been introduced and before the argument to the jury, counsel for appellant requested that the jury be sent to view the premises in controversy. Such request was denied, and complaint is made of the action of the court in that particular.

The power to require the jury to view the premises where the injury occurred is vested in the discretion of the court by section 538 of the code of 1881, and if such discretion is subject to review at all, there was no abuse of it in this instance. The purpose of an inspection is to enable the jury to make a more intelligent application of the evidence adduced. *Neff* v. *Reed,* 98 Ind. 341.

In the case before us the facts involved in the litigation were of such a character that they could be accurately described to the jury, so nothing of importance could have been accomplished by an inspection of the premises.

Counsel for appellant requested the court to instruct the

jury in writing upon the law of the case generally, and after the evidence had all been heard, and the court had intimated to counsel the character of the instructions, they then requested a special verdict, which was refused. There was no error in refusing such request, coming at the time and under the circumstances it did. *Hartlep* v. *Cole,* 120 Ind. 247 ; *Kopelke* v. *Kopelke,* 112 Ind. 435 ; *Sandford, etc., Co.* v. *Mullen,* 1 Ind. App. 204.

Complaint is also made of the alleged misconduct of appellee's counsel in the argument to the jury. No objection was made to the argument until it was over and the jury had retired, so no question is raised for decision. It is a well settled rule of practice that the misconduct of an attorney in the argument of a cause can be made available on appeal only by objecting at the time and invoking the intervention of the court, and if the ruling be adverse by duly excepting thereto. The trial court should have an opportunity to correct the error, and exceptions to its refusal so to do is the only way the question may be presented on appeal. *Coble* v. *Eltzroth,* 125 Ind. 429; *Morrison* v. *State,* 76 Ind. 335 ; *Leach* v. *Ackerman,* 2 Ind. App. 91 ; *Mainard* v. *Reider,* 2 Ind. App. 115.

A great many exceptions were saved to the admission and objections of evidence, which are exhaustively discussed by counsel. It would require too much time and space to notice all of them in detail, but we have carefully considered them and can discover no such error as would authorize the reversal of the judgment. The evidence fairly sustains the verdict upon every material proposition.

Finally, it is insisted that error occurred in giving and refusing instructions. A long series of instructions were requested by the appellant and they were all given but *one,* and this was fully covered by the others. Those given by the court, of its own motion, contain exceptionally clear and accurate statements of the law governing the case, and are subject to no adverse criticism.

There is no error in the record for which the judgment should be reversed. It is, therefore, affirmed.

Filed March 2, 1892.