## The Chicago, Indiana and Eastern Railway Company *v.* Loer.

[No. 3,726.   Filed April 23, 1901.   Rehearing denied June 27, 1901.]

Trial.—*View of Premises by Jury.*—Where, on the trial of a case, the facts can be accurately described to the jury by witnesses, and there is no situation so peculiar but that the jury can obtain a correct idea of it from oral testimony and the examination of maps submitted, it is not error for the court to refuse to require the jury to view the premises in controversy. *pp. 246, 247.*

Eminent Domain.—*Damages.—Evidence.*—Where, after a railroad had been built, a jury was called to assess the damages caused by the taking of land, it is not error to reject testimony as to the intent of the company in constructing the road. *pp. 246, 247.*

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Chicago, etc., R. Co. against George Loer to acquire right of way. From a judgment for defendant, plaintiff appeals. *Affirmed.*

• *A. E. Steele* and *J. A. Kersey,* for appellant.

*R. T. St. John, W. H. Charles, G. A. Henry* and *P. H. Elliott,* for appellee.

Henley, C. J.—This was an action commenced by appellant under §§3906, 3907 R. S. 1881, to acquire a right of way 100 feet in width and 1,835 feet long across a tract of land containing sixty acres belonging to appellee. Appraisers were appointed and proceeded to the discharge of their duties and returned their appraisement to the clerk of the proper court. Both parties excepted to the appraisement, and the cause went to the circuit court for trial in due course. There was a trial by jury resulting in a verdict for $800 in favor of appellee, for which amount judgment was rendered over appellant's motion for a new trial.

Appellant properly assigns as error in this court the overruling of its motion for a new trial. Six reasons are assigned in the motion for a new trial: (1) The verdict of

the jury is contrary to law. (2) The verdict of the jury is contrary to the evidence. (3) The damages assessed by the jury are excessive. (4) Error in the assessment of the amount of recovery in that the same is too large. (5) Error of law occurring at the trial and excepted to by the appellant, in this: That the court erred in overruling the appellant's application to have the jury sent to view the premises in controversy. (6) Error of law occurring at the trial and excepted to by the appellant in this: That the court erred in sustaining the appellee's objection to the question propounded to the witness Fremont Wilson, as follows: "You may state to the jury what the fact is about the road being constructed through the Loer land and thence to the Sims and Franklin ditch with a view to its drainage."

We will dispose of the reasons in their numbered order. It is sufficient to say of the first, second, third, and fourth reasons assigned in the motion for a new trial, that, while the evidence was very conflicting as to values and as to the damage done appellee by the appropriation, there was abundant evidence justifying the verdict of the jury, and under the evidence we could not say that the verdict was excessive.

In the fifth reason for a new trial complaint is made of the action of the court in refusing to send the jury to view the premises. It seems that the statute in this State permits the court in its discretion to require the jury to view and inspect the premises. *Ohio, etc., R. Co.* v. *Wrape,* 4 Ind. App. 100; *Board, etc.,* v. *Castetter,* 7 Ind. App. 309. In the case first cited, this court said: "The power to require the jury to view the premises where the injury occurred is vested in the discretion of the court by §538 of the code of 1881, and if such discretion is subject to review at all, there was no abuse of it in this instance." In the case of *Board, etc.,* v. *Castetter, supra,* this court said: "Another error of which complaint is made is that of the court in refusing to permit the jury to visit and view the premises where the accident happened. The statute reposes the privilege of allowing the

jury to view and inspect the premises, almost exclusively in the discretion of the trial court. It would be an exceptional case, indeed, where this court would reverse a cause for an abuse of this discretion." See, also, 1 Thompson on Trials, §883.

We cannot say that this is an exceptional case. It would have been proper for the court to have sent the jury to view the premises, but there is a wide difference between an act of the court which would be merely proper and an act which would amount to a breach of discretion. In the case at bar the facts could be accurately described to the jury by the witnesses, and there was no situation so peculiar but that the jury could obtain a correct idea of it from the oral testimony and the examination of the maps admitted in evidence.

The sixth alleged error complained of was the refusal of the question heretofore set out. We think the court properly refused the question. The answer could have been of no value. The intent of appellant in constructing its road was not the issue. The road had been built, and the jury were called to assess the damage caused by the taking of the land. The answer to the question could not have given the jury any information about the land after the road was constructed.

We find no error. Judgment affirmed.