SPICKELMEIR v. HARTMAN.

[No. 9,711. Filed May 15, 1919. Rehearing denied October 16, 1919. Transfer denied January 14, 1920.]

1. APPEAL.—*Harmless Error.*—*Instructions.*—*Obvious Use or Omission of Words.*—*Jury Not Misled.*—Where a mistake in the use of words in an instruction, or the omission therefrom of one or more words, is so obvious that it is manifest that the jury could not have been misled thereby, the error will be deemed immaterial. p. 210.

2. TRIAL.—*Instructions.*—*Construing Together.*—*Assumption of Fact.*—*Personal Injury Actions.*—An instruction, expressly conditioned on the jury finding for the plaintiff under the rules given, one of which was stated in another instruction, that, to enable plaintiff to recover, she must establish by a fair preponderance of the evidence that she received the injuries or some part thereof complained of, does not assume the fact of plaintiff's injuries. p. 210.

3. NEGLIGENCE.—*Instruction.*—*Proximate Cause.*—An instruction by which the court informed the jury that if it found that dedendant was not guilty of the negligence charged in the complaint the verdict should be in his favor, was complete without any reference to the question of proximate cause. p. 211.

4. TRIAL.—*Instructions.*—*Omission Covered by Other Instruction.*—*Proximate Cause.*—Defendant was not harmed by the failure to instruct on proximate cause by one instruction, where the subject was covered by another instruction given. p. 211.

5. MUNICIPAL CORPORATIONS.—*Streets.*—*Collisions.*—*Ordinances.*—*Signals.*—*Instructions.*—*Negligence.*—In an action for personal injuries by collision between vehicles upon a street, an instruction that defendant had the right to assume that plaintiff would

obey a city ordinance which provided for and required signals before turning, and to operate his automobile in absolute reliance thereon under all circumstances, was properly denied.   p. 211.

6. MUNICIPAL CORPORATIONS.—Streets.—Collisions.—Contributory Negligence.—Signal Ordinances.—Instructions.—In an action for personal injuries by collision between vehicles upon a street, an instruction that was subject to the misleading construction that if plaintiff failed to give the turning signal required by ordinance, the verdict should be for the defendant regardless of whether such failure contributed to the plaintiff's injury, was properly denied.   p. 211.

7. MUNICIPAL CORPORATIONS.—Streets.—Collisions.—Contributory Negligence.—Proximate   Cause.—Instructions.—An   instruction was properly refused in an action for personal injuries resulting from a collision of vehicles upon a street, which informed the jury in effect that plaintiff could not recover if her horse backed into defendant's automobile, if that was the proximate cause of her injuries, although the defendant may have been guilty of the negligence charged in the complaint, and although such negligence was the proximate cause of the horse backing.   p. 213.

8. EVIDENCE.—Impeachment of Witness.—Foundation.—Right to Whole Conversation.—The rule that when a party introduces a part of a conversation, the opposite party has a right to all that was said therein, has no application where the opening party confines his examination to questions for the purpose of laying the foundation for impeachment.   p. 213.

9. TRIAL.—Directing Verdict.—Contributory Negligence.—Municipal Corporations.—Streets.—Signals.—A requested instruction to return a verdict for defendant, based on claimed contributory negligence by violation of a city ordinance, is properly refused, where the evidence of the facts claimed to show contributory negligence is not uncontradicted, and is silent as to whether plaintiff gave the required signal that she was about to turn her vehicle in one of the two ways specified in the ordinance.   p. 214.

10. TRIAL.—Streets.—Collision.—Viewing Vehicle.—Discretion of Court.—Section 564 Burns 1914, §538 R. S. 1881, reposes discretionary power in the court to permit an inspection by the jury of defendant's automobile in an action for a collision with another vehicle in the street; and where the facts could be accurately described by witnesses and it is questionable whether such an inspection would serve any useful purpose, it was not error to refuse defendant's request therefor.   p. 215.

11. APPEAL.—Verdict.—Supporting Evidence.—R e v i e w.—Where there is some evidence tending to support each essential element

necessary to a recovery, the verdict of the jury determined the weight and value thereof, and its decision thereon for the plaintiff is not subject to review on appeal. p. 215.

12. APPEAL.—*Waiver of Questions Reserved.—Briefs.—Propositions and Points.*—Appellant waives any reasons assigned as grounds for a new trial, not specifically referred to in the propositions or points made in his brief. p. 216.

From Marion Superior Court (100,115); *James L. Leathers,* Special Judge.

Action by Mary Hartman against John W. Spickelmeir. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William E. Reiley* and *Charles T. Williams,* for appellant.

*Noble H. Wible* and *Charles McCormack,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant to recover damages for personal injuries alleged to have been received by her by reason of the negligence of appellant in operating an automobile. The specific acts alleged and relied on are that appellant negligently operated said automobile along a certain street in the city of Indianapolis at a high and dangerous rate of speed, without sounding a horn, or giving appellee any warning of his approach, and as a proximate result thereof appellee's buggy was violently struck by said automobile, causing her serious injury. The complaint is in a single paragraph and was answered by a general denial. The cause was tried by a jury, resulting in a verdict in favor of appellee on which judgment was duly rendered. Appellant filed a motion for a new trial, which was overruled, and this action of

the court is the sole error assigned and relied on for reversal.

Appellant contends that the court erred in giving instructions Nos. 7, 10, 11 and 12. He bases his contention as to said instruction No. 7 on the following sentence therein: "Negligence, whether on the part of the plaintiff or on the part of the defendant, may be defined as the doing or failing to do some act or thing, which, under the circumstances, it was the duty of the plaintiff to do or to leave undone." It has been held that where a mistake in the use of words in an instruction is so obvious that the jury could not have been misled, the error will be deemed immaterial. *Cleveland, etc., R. Co.* v. *Clark* (1913), 52 Ind. App. 646, 99 N. E. 777; *Pittsburgh, etc., R. Co.* v. *Carlson* (1900), 24 Ind. App. 559, 56 N. E. 251; *Anderson* v. *Anderson* (1891), 128 Ind. 254, 27 N. E. 724. The same rule should be applied where the omission of one or more words is so obvious that it is manifest that the jury could not have been misled thereby. In the instant case it is clear that the jury could not have understood from the language used in said instruction *that it should determine appellant's negligence from appellee's conduct,* but must have understood that the negligence of each party was to be determined from his or her own acts or omissions.

Appellant contends that the court erred in giving instruction No. 10 for the reason that it is assumed therein that appellee suffered the injuries alleged in the complaint. We do not agree with this contention. The jury was told by instruction No. 5 that before plaintiff is entitled to recover she must establish by a fair preponderance

of the evidence that she received the injuries, or some part thereof, as alleged in the complaint. Instruction No. 10 is expressly based on the condition that the jury find for the plaintiff under the rules given, which would include the rule stated in said instruction No. 5. Such a finding would therefore necessarily imply that appellee received at least some part of the injuries alleged. Hence there is no assumption of the fact of appellee's injuries as claimed by appellant.

It is urged that instruction No. 11 is erroneous, as it assumes that the failure of appellant to sound the horn, or give appellee any warning of the approach of his automobile, was negligence, and that appellee's injuries were the proximate result thereof. An examination of said instruction discloses that it is not subject to the infirmities claimed, and that the court did not err in giving the same.

Appellant claims that instruction No. 12 is erroneous because it omits the element of proximate cause. By this instruction the court informed 3-4. the jury in effect that, if it found that appellant was not guilty of the negligence charged in the complaint, its verdict should be in his favor. The instruction was complete without any reference to the question of proximate cause. But in any event appellant was not harmed by such omission, as the subject-matter in question was covered by another instruction given. *Cullman* v. *Terre Haute, etc., Traction Co.* (1915), 60 Ind. App. 187, 109 N. E. 52.

Appellant also predicates error on the action of the court in refusing to give instructions Nos. 1 and 2 requested by him. Said instruction No. 1 is 5-6. as follows: "If you find from the evidence that at the time of the collision there was an

ordinance in full force and effect in the city of Indianapolis, which provided and required drivers of vehicles to indicate by hand or whip the direction in which they were going to turn, then I instruct you that the defendant had a right to rely and assume that the plaintiff in this case would signal him by hand or whip the direction in which she was about to turn, if she was about to turn at the time of the collision; and you may take into consideration the fact that she failed to give such a signal, if you find that she did fail to give said signal, as to whether or not she was guilty of contributory negligence. And if you so find your verdict should be for the defendant.'' This instruction, if given, would have had the effect of informing the jury that appellant had the right to assume that appellee would obey said ordinance, and to operate his automobile in absolute reliance thereon under all circumstances. This is not in accord with the well-settled rule in that regard. *Louisville, etc., Traction Co.* v. *Lottich* (1915), 59 Ind. App. 426, 106 N. E. 903; *Cole Motor Car Co.* v. *Ludorff* (1916), 61 Ind. App. 119, 111 N. E. 447; *Elgin Dairy Co.* v. *Shepherd* (1915), 183 Ind. 466, 108 N. E. 234, 109 N. E. 353. Said instruction is also objectionable because it is reasonably open to a construction which would have misled the jury. It will be observed that the concluding sentence is as follows: ''And if you so find your verdict should be for the defendant.'' The jury might have very readily understood from this that, if it found that appellee failed to give the signal provided in the ordinance, it should return a verdict for appellant, regardless of the fact as to whether such failure contributed to her injury. This is clearly not the law. For the reasons stated the instruction was properly refused.

It is not clear from the record whether said instruction No. 2 was given or refused, but, assuming that it was refused, the court did not err in so doing,

7. as it would have informed the jury, in effect, that if it found that the horse which appellee was driving backed into appellant's automobile, and this was the proximate cause of her injuries, she could not recover, although appellant may have been guilty of the negligence charged in the complaint, and such negligence was the proximate cause of the horse backing.

The record discloses that appellant introduced Charles Slagle as a witness in his behalf. On direct examination the witness stated that he saw

8. the accident and described how it occurred. On cross-examination he testified that at the time he observed the accident he was not sitting directly in front of the barber shop, but "was just a little piece on the other side of the creamery." Appellee then asked the witness if he had not said to Mr. McCormick, out there one evening about the time of the trial at the police court, that he was sitting in front of his barber shop; but she made no inquiry as to any other portion of such conversation. Later, on redirect examination, appellant asked the witness to state what took place between him and McCormick in that conversation and, upon an objection being interposed, offered to prove by the witness, among other things, what the witness had stated to McCormick in that conversation as to how the accident occurred and the cause thereof. It is obvious that appellee, by her inquiry of the witness, was merely attempting to lay the foundation for impeachment, while appellant's inquiry went beyond the subject-matter thereof and

sought to elicit other portions of such conversation not connected therewith. Appellant insists that he had a right to call for other portions of such conversation under the rule that, where a party opens the door by introducing a part of a conversation, the opposing party has a right to all that was said therein. This rule, however, has been held to have no application where the party opening up the conversation, as in the instant case, confines his examination to questions propounded for the purpose of laying the foundation for impeachment. *Brown* v. *State* (1916), 184 Ind. 254, 108 N. E. 861, 111 N. E. 8. The court did not err in excluding the offered evidence.

It is contended that the uncontradicted evidence shows that appellee turned into the path of appellant's automobile, without indicating the direction in which she was going to turn, as required by the city ordinance in evidence, and thereby received her injuries. Based on this contention, appellant claims that the court erred in refusing to instruct the jury, at the close of all the evidence, to return a verdict in his favor. We cannot agree that the uncontradicted evidence establishes the facts claimed by appellant. A number of witnesses testified that the horse and buggy was headed or going toward the west at the time of the accident. Appellant's son, who was an occupant of the automobile, testified that appellee had not even started to turn down Bellefontaine street; while appellant stated that they had passed the horse's head when they stopped and, if she had been pulling around the machine, he would have struck the horse. Nor does the evidence show conclusively that appellee violated the ordinance in question, as it is silent as to whether the

required signal was given in one of the two ways specified therein. Under these circumstances appellant's contention cannot be sustained.

Appellant asserts that the court erred in denying his request to permit the jury to inspect his automobile in question, in front of the court house, at 10. the close of all the evidence, and cites §564 Burns 1914, §538 R. S. 1881, in support of his contention. It has been held that this statute reposes discretionary power in the court, and that it would be an exceptional case where this court would reverse a cause for an abuse of such discretion. *Chicago, etc., R. Co.* v. *Loer* (1901), 27 Ind. App. 245, 60 N. E. 319. In the instant case the facts could be accurately described to the jury by the witnesses, and it is questionable whether an inspection of the automobile could have served any useful purpose. Under the circumstances disclosed by the record the court did not err in refusing appellant's request.

It is claimed by appellant that the verdict is not sustained by sufficient evidence and is contrary to law. In determining whether the court erred in re-11. fusing to direct a verdict, we have passed upon the principal questions urged by appellant in regard to the sufficiency of the evidence. We need only add that there is some evidence which tends to support each essential element necessary to appellee's right of recovery. The verdict of the jury determined the weight and value thereof, and its decision thereon is not subject to review on appeal. *Portland, etc., Mach. Co.* v. *Gibson* (1916), 184 Ind. 342, 111 N. E. 184. We find no ground for holding that the verdict is contrary to law.

Other reasons assigned as grounds for a new trial are waived by a failure of appellant to make any specific references thereto in his propositions or points. *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362.

We find no reversible error in the record. Judgment affirmed.