# GERKING v. JOHNSON.

[No. 27,726.   Filed October 13, 1942.   Rehearing denied
November 23, 1942.]

502

*Cloe & Campbell,* of Noblesville, and *Fenton, Steers, Beasley & Klee,* of Indianapolis, for appellant.

*Christian & Waltz* and *C. Warren Day,* all of Nobles-, ville, and *Richard Smith* and *Seth S. Ward,* both of Indianapolis, for appellee.

RICHMAN, J.—Appellee, when she was ten years old, was injured by collision with appellant's automobile at a street crossing in Indianapolis. She recovered a verdict for $3,000.00 on which was entered the judgment from which this appeal is taken. The only error assigned and not waived is the overruling of a motion for new trial in which the questions hereafter discussed were properly presented.

Specifications of the motion charging misconduct of a juror who conversed with appellee during a luncheon hour and misconduct of the jury in arriving at a quotient verdict cannot be considered for lack of special bill of exceptions. It is true that supporting affidavits were filed with appellant's motion for new trial, but these affidavits may not be treated as evidence under the rule stated in *Headlee* v. *State* (1930), 201 Ind. 545, 168 N. E. 692, 170 N. E. 433; and *Soucie* v. *State* (1941), 218 Ind. 215, 225, 31 N. E. (2d) 1018, 1021.

There are no substantial differences between appellant's 16th instruction which was refused and his 13th which was given. The same thing is true of the 30th which was refused and the 20th which was given. There was no error, therefore, in refusing either of these two instructions.

It is asserted that the evidence is insufficient to sustain the verdict and that the damages assessed are excessive. The first question was presented, however, more or less incidentally in connection with appellant's more serious claim of prejudicial misconduct of counsel. The evidence is conflicting. That most favorable to appellee is sufficient to support the ultimate inferences

of appellant's negligence and appellee's freedom from contributory negligence which, aside from the amount of damages, were the only issues before the jury.

On the question of damages the evidence discloses that appellee was injured August 10, 1935. She was knocked down and badly bruised. Her right ankle was fractured and required a cast that remained thereon six weeks. Thereafter she walked on crutches for about three weeks. She missed the two first weeks of school in September, 1935, but subsequently her attendance was perfect until the date of the trial in March, 1940. Before the accident she had no headaches but they have since been constant. There was no medical testimony except an answer to a hypothetical question to the effect that, "the blow received would be a producing cause of the headaches of which she complains," and that this condition "is permanent in nature." During the year after the accident she did not participate in the physical education program in school, but since then has done the usual work in such classes. Aside from headaches there was no permanent disability and there was no disfigurement. While the evidence as to headaches was subjective and, as disclosed by cross-examination of the physician, might have been due to other causes than the accident, we are not permitted to weigh the evidence but must accept it in the most favorable light to appellee. We are not able to conclude therefrom that a verdict for $3,000.00 was so large as to indicate that in its award the jury acted from improper motives such as prejudice, partiality or corruption. *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775; *Citizens' Telephone Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193.

In his cross-examination of one of appellant's wit-

nesses, appellee's counsel developed the fact that the witness had talked with a Mr. Johnson who was employed by an insurance company. The witness was asked, "By what insurance company?" and answered, "State Auto." There was no objection to the question but a motion to strike it out was sustained by the trial judge who added, "The jury will disregard the statement of the witness about an insurance company." This was sufficient.

The most serious question presented concerns misconduct of Seth S. Ward, an attorney for appellee. Appellant argues that deliberately, from the beginning to the end of the trial, he repeatedly went out of the record to bring before the jury matters which would not have been proper as evidence and which were so prejudicial in character that in spite of the fact that the court sustained objections in each instance and admonished the jury to disregard the statements they were so firmly fixed in the minds of the jurors that their verdict must thereby have been influenced. In view of the facts that the question of liability was closely contested and the verdict was substantial, appellant insists that the cumulative effect of the acts of misconduct requires reversal.

The only language in the opening statement to which specific objection was made was: "We are going to give them credit for Fifteen Dollars in this case." In the closing argument appellant objected to three statements:

> "Beasley and Johnson know they are going to get the worst burning they ever got in Hamilton County."

> "I say it was an uneventful recovery in the ordinary time. She was in a cast six weeks and three weeks more on crutches. There was nine weeks the child was laid up and you know she still had pain from that broken ankle. They are trying to minimize—Why Beasley got his elbow hurt and you

never heard anybody squawk so loud or know anybody to get so many thousand dollars out of it."

and

"There oughtn't to have been a long-drawn-out trial. They ought to make a substantial offer and ask the approval of you gentlemen in this case."

In each instance the trial judge promptly and plainly told the jury to disregard the language and at the conclusion of the evidence in his instruction No. 3 stated,

". . . that you are not permitted to consider any evidence which has been excluded by the Court, nor are you to consider any statements made by counsel as evidence; . . ."

Each of the first two quotations was part of a harangue concerning matters wholly inadmissible in evidence. The parts to which objection was not made were, we think, more likely to damage appellant than the parts quoted. Each time after the court had admonished the jury the appellant unsuccessfully moved that the submission be set aside. The motion was general and must be deemed to have called in question only the language to which specific objection had just been addressed.

In his brief appellant has referred to ten or more Indiana cases where judgments have been reversed for improper statements of counsel. Careful examination thereof reveals that in every case the trial court either refused to withdraw the offensive statements from consideration by the jury or by the character of his admonition or laxness in following it up added to the harm already created.

Appellant insists that, "where misconduct may have been prejudicial and it cannot be ascertained that prejudice did not result, prejudice will be presumed," citing *Nelson* v. *Welch* (1888), 115 Ind. 270, 16 N. E. 634, 17 N. E. 569; *Perry, Matthews-*

*Buskirk Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 67 N. E. 183, and cases from other states. This is not equivalent to a statement that where error is shown prejudice is presumed. In the first of these cases it is shown (p. 273) that, "the court remained silent when the objection was made." In the second it appears (p. 440) that, "objections were made to said statements of counsel, and the court was asked to withdraw the same from the jury, which objection and motion· to withdraw said statements were made at the proper times and overruled by the court." While there is language in the latter case in line with appellant's contention, it must be read in the light of the issue decided. The case holds that the court erred in refusing to withdraw the statements of counsel and because the error was not shown by the record to have been harmless, the error was ground for reversal. This also is the effect of most of the cases cited by appellant. In others the court's error of law was in failing to curb the attorney after the objection had been sustained as indicated by the following quotation from *The School Town of Rochester* v. *Shaw* (1885), 100 Ind. 268, 272:

> ". . . when he persisted in making such remarks after objection from opposing counsel, and being warned by the court to desist, he was guilty of gross misconduct, and when the court permitted him to continue such remarks after being so warned by the court to desist, it erred in not compelling him to stop."

In the case at bar we have a different situation. Every objection made by appellant was promptly sustained and the jury admonished in language by which the court sought to remove and evidently thought he had removed the harmful effect of the improper statement. We cannot rely upon the rule that error being shown prejudice is presumed, for there was no error, or at

least none such as appeared in the cited cases. To reverse the judgment we must go further than the courts had to go in any of those cases.

*Helton* v. *Mann* (1942), 111 Ind. App. 487, 40 N. E. (2d) 395, 400, was cited as an additional authority. That case, which we recently refused to transfer, also involved Seth S. Ward. It is sustainable on the ground that his misconduct was a deliberate attempt to thwart the orderly processes of the court in violation of the offender's duty as an officer of the court and contrary to his oath of office. We do not doubt that it could have been punished as a direct contempt. His actual punishment, in which unfortunately his client shared, was the setting aside of the verdict. But if a party cannot on appeal escape the damaging effect of errors due to the mistakes of his attorney, we see no reason why he should not be chargeable also with the attorney's deliberate misconduct particularly if the record does not disclose that such misconduct had no effect upon the verdict.

While in the instant case the misconduct of Mr. Ward was reprehensible, it was less flagrant than in the prior case. Disassociating that case from our present inquiry we cannot say that the statements made by him were deliberate attempts to get to the jury matters which he was bound to know could not be introduced in evidence. Giving him the benefit of the doubt which would be accorded to any reputable member of the bar, we can believe that in an excess of zeal for his client he carelessly but not deliberately went outside the record. Therefore the Helton case is not controlling.

Turning to the remarks themselves, "We are going to give them credit for Fifteen Dollars," is a vague statement which appellant construes as an acknowledgment that appellant paid appellee that amount and thereby

admitted liability. It is capable of other construction, for example, that the cost of the ambulance to the hospital was that amount which appellee was willing to repay. That appellant's attorneys would get a "burning" was a boast that might even be resented by a fair minded juror. The other remarks are not of such character as to evince a deliberate attempt to mislead. As before indicated the verdict while substantial is not so large as to compel the inference that the jury was influenced by the remarks outside the record. We are therefore constrained to hold that no reversible error has been shown.

In so doing we do not condone the improprieties of this attorney. The court would have been justified in withdrawing the submission of the cause. But it is quite another thing to say that the court erred in failure to take that action. The trial judge has it within his powers, by contempt proceedings or by withdrawal of submission and perhaps by other means, to hold the attorneys in a case to the orderly, legitimate conduct expected of officers of the court and no judge should be subject to condemnation for exercising these powers when the occasion demands. An appellate court is too far distant from the scene to gauge the effect of pettifogging remarks of trial attorneys and must repose some confidence in the trial judge's determination that what was said outside the record was rendered harmless by his admonition to the jury.

The judgment is affirmed.

NOTE.—Reported in 44 N. E. (2d) 90.