HOLMES *v.* COMBS

[No. 17,913. Filed March 13, 1950. Rehearing denied April 18, 1950. Transfer denied May 23, 1950.]

Byron Emswiller and Albert Stump, both of Indianapolis, for appellant.

Fred A. Weaver, of Petersburg, and John O. Moomaw, of Bloomfield, for appellee.

DRAPER, C. J.—The appellee was riding in the front seat of an automobile driven by her husband. They were proceeding south on Highway 57 behind a truck operated by the appellant. After signalling his intention so to do, her husband tried to pass the appellant on the left. The appellant turned his truck to the left for the purpose of entering a side road which ran eastwardly from Highway 57. The vehicles collided and the appellee was injured.

The appellant appeals from a $5,000 verdict in favor of the appellee.

The evidence concerning the occurrence is conflicting, but that most favorable to the appellee shows actionable negligence on the part of the appellant. The jury so found, and the question must be regarded as settled. The same is true regarding the question of proximate cause.

The appellant says the evidence shows contributory negligence on the part of the appellee's husband, and his negligence must be imputed to her because they were engaged in a joint enterprise. Whether the husband was contributorily negligent was also a jury question. Assuming, however, that he was,

we reject the contention. The appellee and her husband were on the way with their two children to visit the latter's grandmother. A wife is not engaged in a joint enterprise with her husband merely because they are married and going to the same place in the same automobile for the purpose of making a social visit. *The Louisville, New Albany and Chicago Railway Co.* v. *Creek, Adm'r.* (1892), 130 Ind. 139, 29 N. E. 481, 14 L. R. A. 733; *The Chicago, St. Louis and Pittsburgh Railroad Company* v. *Spilker* (1893), 134 Ind. 380, 33 N. E. 280, 34 N. E. 218; *Brubaker* v. *Iowa County* (1921), 174 Wis. 574, 183 N. W. 690; *Silsby* v. *Hinchey* (St. Louis Court of Appeals, Missouri, 1937), 107 S. W. 2d 812; *Corn* v. *Kansas City C. C. & St. J. Ry. Co.* (Mo. Sup., 1921), 228 S. W. 78; *Bartlett* v. *Mitchell* (1933), 113 W. Va. 465, 168 S. E. 662; *Huls* v. *Dalzell* (1933), 252 Ky. 13, 66 S. W. 2d 28.

The appellee had not been watching the road ahead, and she testified she said nothing to her husband about attempting to pass the truck. Her husband testified that if she had called his attention to anything dangerous that he did not see himself, he would have heeded her warning. Such cooperation between husband and wife, and between others riding in the same automobile is not unusual. A wife's failure to warn her husband of a danger of which she is cognizant, but of which he is unaware, or a husband's failure to heed such a warning, if given, might amount to negligence on the part of the one failing so to do, *Miller, Adm'r.* v. *The Louisville, New Albany and Chicago Railway Co.* (1891), 128 Ind. 97, 27 N. E. 339, but we fail to see how it could evidence a "recognized right of joint control" as claimed by appellant.

The appellant says that appellee herself was guilty of contributory negligence. That question, too, was

one for the jury. We can find no evidence in this record which would make her so as a matter of law.

The following interrogatory was propounded to the jury: "Was the side road which lead to the east visible to the plaintiff (appellee) at the time the automobile in which she was riding first started to attempt to pass the truck?" The jury answered "no." The appellant says the jury clearly acted on the theory it was not visible, when as a matter of fact it was visible.

The evidence discloses there were no signs or markings on Highway 57 to indicate the presence of the side road. It further discloses the side road was not clearly visible to one travelling on Highway 57, and nobody coming down the slope from the north on Highway 57 would know it was there. The plaintiff testified she did not watch the road ahead continuously and did not see the side road. The answer finds ample support in the evidence.

With his motion for new trial the appellant filed an affidavit showing the time and manner of the taking of two photographs after the verdict was returned. He attached the photographs thereto and asserts they show the side road was in fact visible to the plaintiff at the time. The photographs would probably have been helpful to the jury had they been taken before trial and used at the trial. The record discloses no reason for failing to do so. Neither the affidavit nor the photographs attached thereto are before us for our consideration, for they were not brought in by bill of exceptions. *Gerking* v. *Johnson* (1942), 220 Ind. 501, 44 N. E. 2d 90; *Butler* v. *State* (1945), 223 Ind. 260, 60 N. E. 2d 137; *McCallister* v. *State* (1940), 217 Ind. 65, 26 N. E. 2d 391; *Soucie* v. *State* (1941), 218 Ind. 215, 31 N. E. 2d 1018.

The trial court refused to accede to the appellant's request that the jury be sent to an adjoining county to view the scene of the accident, although the appellee made no objection thereto. See Burns' 1946 Replacement, § 2-2014. The request called for the exercise of a sound discretion on the part of the trial court. *Chicago, etc., R. Co.* v. *Loer* (1901), 27 Ind. App. 245, 60 N. E. 319; *Spickelmeir* v. *Hartman* (1920), 72 Ind. App. 207, 123 N. E. 232.

Unlike the scene of some accidents, this one was not difficult to describe in words, and the record shows it to have been adequately so described. A map was introduced by the appellant, and photographs could have been taken and used. The scene was 15 miles from the courthouse and the weather was bad. We find no abuse of discretion in this regard.

As to whether the verdict was excessive, the evidence discloses the appellee was seven months pregnant at the time of the accident. She was hospitalized immediately for three days and was then taken to a relative's home. She remained there four days, but then developed painful and disturbing abdominal symptoms which took her to another hospital for a week, where steps were taken to forestall an apprehended miscarriage. In due time a normal child was born, following a delivery not out of the ordinary. A nerve was cut in her forehead which still causes a tingling sensation when she combs her hair. She had a cut which extended from the corner of her left eye, across the nose to her right eye, and into the eyebrow. It required eight stitches. Another cut on the chin required nine stitches. Altogether the cuts on her face required twenty-four stitches.

The appellant says the facial lacerations were slight, inconsequential and superficial, and are now scarcely

discernible without careful inspection. By motion filed in the trial court after verdict rendered, he sought to have appellee's face photographed, so that the photograph could be examined and considered by us in connection with this assignment. The motion was supported by the affidavit of appellant's attorney wherein he says her face is not noticeably scarred or disfigured. This affidavit, like the one above mentioned, is not presented in such a manner that we are entitled to consider it.

The rule by which we must be guided is well stated in *Union Traction Co.* v. *Morris* (1923), 193 Ind. 313, 136 N. E. 861, as follows:

"The extent of the injury as a basis for damages was for the jury to determine. The setting and incidents of the trial, as well as the conduct and appearance of witnesses were all before the trial judge, on account of which he was best fitted to determine whether the verdict of the jury was subject, either to improper influence, prejudice or partiality; and because the trial judge had these matters before him when he passed upon the motion for new trial, which was based upon these causes, it would be an abuse of appellate power to disturb the judgment because of excessive damages unless it were made clearly to appear that improper influence had been used upon the jury, or that evidence had been admitted which clearly prejudiced their minds and caused them to use partiality, or that, at first blush, the damages appeared to be grossly excessive, or so out of line with reason and justice, as to shock the conscience."

The case was tried about 20 months after the accident occurred. The jury saw the appellee and was in a position to judge of the seriousness of the facial scars.

By overruling the appellant's motion for new trial the trial judge has in effect said he thinks the verdict

is not excessive. *Dulin* v. *Long* (1944), 115 Ind. App. 94, 54 N. E. 2d 652. Nothing which has been presented to us compels a contrary conclusion.

The record shows a case well and fairly tried; a jury properly and carefully instructed; a result supported by the evidence; and a verdict which is not so out of line with reason and justice as to shock the conscience. We think it should be affirmed.

So ordered.

NOTE.—Reported in 90 N. E. 2d 822.