EDERER ET AL. *v.* WILBUR LUMBER COMPANY ET AL.

[No. 18,206.   Filed March 19, 1952.]

*Herbert T. Johnson,* of Crown Point, and *Edwin L. Robinson,* of Morocco, for appellants.

*Roberts & Roberts,* of Lowell, and *George F. Sammons,* of Kentland, for appellees.

WILTROUT, P. J.—For convenience the word "appellee" when used herein refers to the appellee Wilbur Lumber Company only.

While this action was begun by the filing by the appellee of a complaint to foreclose a mechanic's lien, no question is here presented concerning the cause of action therein stated.

Appellants filed a "cross-complaint." The issues formed thereon were submitted to a jury for trial, and a verdict was returned in favor of appellee on November 24, 1950. The order-book entry of that date states, among other things, that, "Comes now the parties by counsel, and the jury returns into open court the following verdict: . . . and the Court asks the jury if this is their verdict, and they answer, 'It is.' And there

being no further motions or proceedings, the jury is now dismissed from further service in this cause. Cause continued for entry of judgment."

Appellants filed a motion for new trial, the motion being supported by affidavits. This was overruled on February 14, 1951, and judgment entered on that date. As a part of the order overruling the motion for new trial the court made the following entry: "The court overrules Specifications Number 4, 6 and 7 for the reason that the same were not argued during the motion for new trial and were abandoned by counsel for said cross-complainants."

On April 3, 1951, appellant filed two motions, each supported by an affidavit: (1) a motion to amend the order of November 24, 1950, nunc pro tunc, to show that only eleven members of the jury were present in open court when the verdict was returned and when the trial judge asked if the verdict was their verdict; (2) a motion to strike from the order of February 14, 1951, the statement that the court overruled specification Number 4 of the motion for new trial for the reason that the same was not argued and was abandoned by counsel for appellant. Appellee thereupon filed a motion to dismiss these motions of appellants. The court entered an order, the effect of which was to overrule appellants' motions.

Appellants' two motions to correct the entries made by the court were filed subsequent to the term in which the entries were made and subsequent to the term during which judgment was entered and the motion for new trial overruled. While the general rule is that a record made at a former term can only be amended or corrected to speak the truth when there is some note, minute or memorandum upon

which the amendment or correction can be based, this rule is subject to an exception where the reason for the rule fails. *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338. However, whether there was error in overruling these motions or not we are unable to determine from the transcript of the record presented to us.

The motions to correct the record and certain of the grounds of the motion for new trial rely upon facts not disclosed by the record proper. The motions ▪ are supported by affidavits filed therewith, but there is no bill of exceptions showing that they were sustained by any evidence. Though the motions themselves are a part of the record they do not constitute evidence of the truth of the facts alleged therein unless introduced in evidence. This is true even though such motions be sworn to or accompanied by affidavits. There is nothing here to show whether such affidavits and motions were offered or introduced in evidence or whether other evidence was or was not introduced. *Holmes* v. *Combs* (1950), 120 Ind. App. 331, 90 N. E. 2d 822; *Umbstead* v. *Preachers' Aid Soc., etc.* (1944), 223 Ind. 96, 58 N. E. 2d 441; *Gerking* v. *Johnson* (1942), 220 Ind. 501, 44 N. E. 2d 90; *Garner* v. *State* (1949), 227 Ind. 503, 86 N. E. 2d 675; *Fletcher* v. *State* (1949), 227 Ind. 687, 88 N. E. 2d 146.

No error in the overruling of the motions to correct the record having been presented and no error having been presented as to the grounds of the motion for new trial which depend upon facts not disclosed by the record, we must accept the transcript of the record as importing verity.

The remaining ground of the motion for new trial, which does not depend upon facts outside the record, is

No. 7, that the verdict of the jury is contrary to law. Appellants claim that such ground was not abandoned by anything which they did or failed to do in the trial court. We find nothing which shows that such ground was specifically abandoned or waived. A failure to argue all of the grounds of a motion for new trial in the trial court is not an abandonment or waiver by implication of any of them any more than a failure to press all the questions presented in an appellant's brief in this court in oral argument is an abandonment or waiver.

The allegations of the "cross-complaint" which are essential to a determination of the questions presented by this ground of the motion are that during the month of September, 1947, appellants were engaged in the erection and construction of a building designed for and intended to be used as a chicken hatchery; that at that time the building was partially constructed and the floors and other parts of the building were being constructed of concrete; that on September 13, 1947, they had on hand a sufficient amount of cement with which to complete the concrete work; that on or about that date appellee unlawfully and without authorization from appellants and without appellants' knowledge or consent removed from the premises 100 bags of cement intended for use in said construction; that immediately thereafter there arose an acute shortage of cement and appellants were unable to purchase cement to replace that so taken; that appellee did not replace said cement until near the end of the month of October, 1947; that after appellants were able to obtain sufficient cement to finish the concrete work the weather was unseasonable for such work and such work had to be abandoned for the rest of the winter of 1947; that appellants had entered into a contract for the rental of the building, to

begin on December 1, 1947, at a rental of $750.00 per month; that by reason of the removal by appellee of said cement appellants were unable to finish the building and were forced to cancel and rescind the lease, all to their damage in the sum of $10,000.00.

Appellants argue that the uncontradicted evidence supports the allegations of their cross-complaint and that, based upon such uncontradicted evidence, they were entitled to a verdict in their favor.

It appears from the evidence that the building being constructed was to be composed of four quonset type houses with a center connecting alley, to be put on a concrete foundation and to have concrete floors. The quonset buildings were to be erected by first pouring footings of concrete in the ground and erecting thereon a concrete block foundation, to which would be attached the steel sides and roofs of the buildings. Concrete floors would then be laid. Evidence was introduced on behalf of appellants that had the footings and concrete blocks been laid and the roofs put on, the buildings could have been heated and the concrete floors laid in bad weather; that the bad weather started about October 17, 1947, and it was thereafter impossible to pour the footings. The footings and foundations of two of the quonsets had been finished before the bad weather set in.

The materials for the work were purchased from appellee. The work was being done by contractors who were also working on other jobs. There is evidence that the contractors did not have authority to purchase materials but only to order them as needed. There is also evidence "that the purchase of materials was up to the contractor."

The contractors needed cement for another job and took cement or had it removed from this job. There is a conflict as to how much cement was so taken, but

314

according to the evidence most favorable to appellee the contractors bought sixty bags or cement from appellee for another job, and at the instance, direction, request, and order of the contractors these bags were removed from appellants' job in appellee's truck. Another fifty bags were picked up by one of the contractors and one of appellants' men but this was not picked up by appellee's truck and it does not clearly appear that appellee had anything to do in connection with this. Fifty bags of cement were replaced by the contractors on October 9th, and there is evidence that they were never out of cement for appellants' job after that time.

The complaint alleges that the appellee took cement from the job on or about September 13, 1947. There is evidence that appellee on September 16th, 1947, delivered five hundred bags of cement to the job. There is also evidence that the contractors quit work in January, 1948, not because of a shortage of cement but because of a shortage of lumber and that very little work was thereafter done until August of 1948.

The evidence as to the lease is that the parties negotiated and arrived at terms; that the lease was reduced to writing but was never signed.

Much of the evidence in this case is in conflict. Its weight and the credibility of the witnesses was for the jury. From a consideration of all of the evidence we cannot say that the uncontradicted evidence and the legitimate inferences which might be drawn therefrom require a conclusion, opposite to that reached by the jury, that appellee was guilty of a wrongful act which resulted in damages to appellants as alleged.

We find no error. Judgment affirmed.

NOTE.—Reported in 104 N. E. 2d 581.