STATE OF INDIANA *v*. WILLIAM A. SIMERLEIN, DOROTHY SIMERLEIN, HUSBAND AND WIFE AND FIRST NATIONAL BANK OF MICHIGAN CITY.

[No. 3-1073A139. Filed April 17, 1975.]

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellant.

*John J. Davie,* of LaPorte, for appellees.

HOFFMAN, J.—This is an appeal by plaintiff-appellant State of Indiana from a judgment awarding damages to defendants-appellees William A. and Dorothy Simerlein (the Simerleins) on the State's complaint for the appropriation of real estate owned by the Simerleins.

The sole issue presented for review is whether the trial court erred in failing to grant the State a new trial by reason of certain allegedly prejudicial conditions contained in the jury's view of property to be appropriated by the State through its power of eminent domain.

On January 22, 1973, prior to trial herein, the State filed a motion which requested "that the Court, at its discretion, make an order that the jury be conducted to the premises" in question. Thereafter, the trial court granted such motion and ordered "that the jury be conducted in a body, under the charge of the Court Bailiff, or such other sworn officer as the Court may appoint, to the premises to view same. While the jury is absent from the Court room upon such mission no person or persons other than those so appointed by the Court shall speak to them on any subject connected with the trial."

Before the viewing of the property, the jury was instructed as follows:

"Ladies and Gentlemen of the Jury, there has been a request to have the jury view this property and request has been granted, and so it will be your duty now to go out tomorrow morning to take a look at the property. Now, you will go out there in the company of the bailiff, after he has been sworn, to go out and view this property, go out and take a look at the inside of the buildings and not to ask any questions of any one, just take a look at it, see what you want, and you're not to discuss anything with anybody nor among yourselves. Anything you see out there is not evidence. All you're viewing out there is to aid you in

considering the evidence that you have heard here from the witness stand and exhibits you have seen. You will then return to the jury room in here. So we will adjourn this afternoon's session until 8:30 tomorrow morning."

In support of its motion to correct errors, the State submitted affidavits from trial counsel Herbert L. Allison, and a Project Engineer for the State Highway Commission Larry L. Koebcke, which stated that after the jury had returned its verdict, each passed the condemned property and observed that a snow fence had been erected along the west side of the property. The affidavit of Herbert L. Allison further indicated that the snow fence was not present on the evening of January 22, 1973, prior to the beginning of the trial, and the affidavit of Larry L. Koebcke indicated that the fence was not present on the following day, January 23, 1973. The fence was in the approximate location the State was to erect a wire mesh fence limiting access to a highway to be constructed. In opposition to the State's motion to correct errors, the Simerleins filed affidavits from each juror, stating that the existence of the snow fence had no effect upon his or her assessment of the damages to the Simerleins' property.

On appeal, the State contends that the presence of the snow fence on the condemned property could have led the jury to believe that the fence was part of the Simerleins' property and, thus, could have caused the jury to award damages for the value of the fence and the enhanced value of the land by reason of the presence of the fence. The State further asserts that affidavits regarding the mental processes of jurors should not be considered, and that even if such affidavits are considered they are inadequate to establish the harmlessness of the jury's view of the snow fence.

To permit the jury to view the premises in condemnation proceedings involving a question as to the value of appropriated real estate is not an uncommon practice. See: 3 Jones on Evidence, § 15:23, at 59 (6th Ed. 1972); Anno. 77 A.L.R.2d 548 (1961), and cases cited therein; 27 Am. Jur.2d, *Eminent Domain,* § 413, at 298.

Whether the trier of fact shall view the premises involved rests in the sound discretion of the trial court; and is not reviewable in the absence of a demonstrated abuse thereof. See: IC 1971, 34-1-21-3 (Burns Code Ed.) ; *Jackson Hill Coal, etc., Co.* v. *Bales* (1915), 183 Ind. 276, 108 N.E. 962; *City of Indianapolis etc.* v. *Walker et al.* (1960), 132 Ind. App. 283, 168 N.E.2d 228 (transfer denied) ; *Evansville, etc. Ry. Co.* v. *Woosley* (1950), 120 Ind. App. 570, 93 N.E.2d 355; *Holmes* v. *Combs* (1950), 120 Ind. App. 331, 90 N.E.2d 822 (transfer denied) ; *Chicago, etc., R. Co.* v. *Loer* (1901), 27 Ind. App. 245, 60 N.E. 319; *The Board of Commissioners of Shelby County* v. *Castetter* (1893), 7 Ind. App. 309, 33 N.E. 986; *The Ohio and Mississippi Railway Company* v. *Wrape* (1892), 4 Ind. App. 100, 30 N.E. 428. See also: 4 Wigmore, *Evidence,* §§ 1162-1164, at 362-372 (Chadbourn Rev. 1972) ; McCormick, et al. on Evid., § 216, at 537-539 (2d Ed. 1972) ; 3 Jones on Evidence, § 15:22, at 55 (6th Ed. 1972) ; 75 Am. Jur. 2d, *Trial,* § 74, at 182-183; 88 C.J.S., *Trial,* § 47, at 118-122.

In the present case, however, the State requested that the jury be permitted to view the Simerleins' property and could not, therefore, be heard to complain that the trial court, in granting the motion, abused its discretion. Rather, the State may only claim prejudice to its case by reason of impropriety or misconduct arising during the view itself.

At trial, there was no demonstration that a snow fence was included in the appropriated real estate. Indeed, any question as to the existence of such a fence did not surface until after the jury had returned a verdict awarding the Simerleins $79,000 in damages. The jury was properly instructed that nothing which would be viewed during their visit to the property was to be considered as evidence. See: *Annee, etc.* v. *State* (1971), 256 Ind. 686, 691, 274 N.E.2d 260, 261 (on petition for rehearing). The jury was also instructed that, *"[a]ll you're viewing out there is to aid you in considering the evidence that you have heard here from*

*the witness stand and exhibits you have seen."* (Emphasis supplied.) It must be presumed that the properly instructed jurors understood and followed this instruction. See: *Travelers Indem. Co., Hartford* v. *State ex rel. Favre* (1972), 154 Ind. App. 553, 290 N.E.2d 456, 464. Moreover, while the State claims that the verdict returned by the jury could have been influenced by a consideration of the fence, it does not contend that the damages awarded were excessive. In view of the foregoing, it must be concluded that the State has failed to affirmatively establish such prejudice to its case by the supposed existence of the snow fence during the view as to require reversal.

In passing, we feel it incumbent upon us to express extreme condemnation of appellees' practice of obtaining affidavits from members of the jury regarding their thought processes in arriving at a verdict. As this court stated in *Nowling* v. *Akers* (1971), 149 Ind. App. 645, at 647, 274 N.E.2d 546, at 547 (transfer denied), "[i]f the trial court's decision were based on such an improper affidavit, we would not hesitate to reverse this case." See: *Wilson* v. *State* (1970), 253 Ind. 585, at 590-591, 255 N.E.2d 817, 821; *Jessop* v. *Werner Transp. Co., Inc.* (1970), 147 Ind. App. 408, 412-413, 261 N.E.2d 598, 601 (transfer denied).

Reversible error not having been demonstrated, the judgment of the trial court is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.